[Civ. No. 2308. First Appellate District.—May 20, 1918.]

VICTOR O. BURDELL et al., Appellants, v. ST. LUKE'S HOSPITAL (a Corporation), Respondent.

NEGLIGENCE—INJURY TO HOSPITAL PATIENT—CARELESSNESS OF NURSES —EVIDENCE — DIRECTED VERDICT FOR DEFENDANT.—In an action against a hospital corporation for injuries sustained by a pay patient through the negligence of nurses employed by the corporation the court correctly directed a verdict for defendant where it was shown

that the hospital was not formed for pecuniary profit, that no profit was in fact made, and no evidence was offered to show that defendant was negligent in employing incompetent nurses.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Samuel T. Bush, for Appellants.

Chas. S. Wheeler, for Respondent.

ZOOK, J., *pro tem.*—In this action for personal injuries alleged to have been sustained by plaintiff Helen E. Burdell through the negligence of defendant's servants, the court directed a judgment for defendant, from which plaintiffs appeal.

The evidence showed that plaintiff, Mrs. Burdell, entered defendant's hospital as a paying patient and was charged the regular rates of the hospital for the services rendered to her. The injuries complained of were alleged to have been sustained through the negligence of nurses employed by the hospital, but no evidence was offered to show that defendant was negligent in employing incompetent or careless nurses or in omitting to use due care in the selection of its staff. The articles of incorporation of defendant stated that the purpose for which it was formed was the founding and maintenance of a hospital in San Francisco for the relief and care of such sick persons as might desire its benefits, and that its object was not pecuniary profit. It also appeared from the evidence that the hospital buildings were the gift of charitable persons to the corporation; that poor and needy persons, without distinction of race or creed, were admitted to the hospital and treated without charge, the percentage thereof varying from seven to fifteen per cent of the total number of patients; that although the other patients paid fees for the services rendered them, no profit was made, or attempted to be made, from that source; that in the four years preceding the trial the expenses of operating the hospital exceeded the amount taken in as fees by more than eighteen thousand dollars, a large part, but not all, of which

was the money lost by taking in poor patients; that the trustees charged with the conduct of the affairs of the hospital served without pay, and that the only persons receiving any compensation were the hospital staff, consisting of the superintendent, nurses, and attendants.

Upon this showing the lower court was clearly correct in directing a verdict for defendant, under the rule laid down in *Thomas* v. *German Gen. etc. Soc.*, 168 Cal. 183, [141 Pac. 1186], where it is said that "where one accepts the benefit of a public or of a private charity he exempts by implied contract the benefactor from liability for the negligence of the servants in administering the charity, if the benefactor has used due care in the selection of those servants." The fact that plaintiff paid the regular rates charged by the hospital for paying patients does not take the case out of the operation of this rule, for it is apparent that the rates were not charged with a view of making a profit from her, and the moneys received from paying patients were not in fact sufficient to meet even the ordinary operating expenses of the hospital, without considering any interest upon the amount invested in the buildings. It is clear, therefore, that plaintiff was to some extent the beneficiary of the charity for which defendant corporation was organized, and comes within the rule quoted.

Judgment affirmed.

Beasly, J., *pro tem.*, and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 18, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 18, 1918.