[Sac. No. 4130. Department Two.—December 29, 1928.]

WALTER F. LEWIS et al., Respondents, v. YOUNG MEN'S CHRISTIAN ASSOCIATION, Appellant.

Busick & Leeper for Appellant.

Martin I. Welsh and John C. March for Respondents.

LANGDON, J.—This is an appeal by the defendant from a judgment against it in an action brought by Walter F. Lewis and Claire Lewis, his wife, to recover damages suffered by them by reason of injuries to the wife, sustained while she was swimming in the swimming pool of the defendant. The answer of defendant denied negligence in the particulars alleged in the complaint, and alleged that defendant was organized and conducted as a religious, benevolent and charitable corporation. It did not allege, however, nor prove, that it used reasonable care in the selection of its agents and employees. ■ Admitting that defendant has proven that it is a charitable organization, it failed in its defense on that ground in that it failed to plead and prove that it had used due care in selecting its servants, whose negligence caused the injury to plaintiff. That fact is an integral part of the defense, the rule being stated in *Thomas v. German Benevolent Society*, 168 Cal. 183 [141 Pac. 1186], as follows: "That where one accepts the benefit of a public or of a private charity, he exempts by implied contract the benefactor from liability for the negligence of the servants in administering the charity, if the benefactor has used due care in the selection of those servants." In the case of *Roberts v. Ohio Valley Gen. Hospital*, 98 W. Va. 476 [42 A. L. R. 968, 127 S. E. 318], it was said: "Because of its failure to allege that the defendant used reasonable care in selecting the nurse of whose negligence the plaintiff complains, we hold that the plea presented does not in terms state a defense to the action."

Defendant relies upon the case of *Burdell* v. *St. Luke's Hospital*, 37 Cal. App. 310 [173 Pac. 1008], and contends that it is therein assumed that the burden of proving that the charitable organization did not use reasonable care in the selection of its servants is upon the plaintiff seeking to recover for their negligence; but an examination of the reporter's transcript in that case discloses that the defendant fully proved, as a part of its case, that it had exercised reasonable care in the selection of its agents and employees, which disposes of appellant's assumption with reference to this case.

▮ Because of defendant's failure to sustain the burden of proving an integral part of its defense as a charitable corporation, the judgment appealed from must be affirmed, provided the evidence establishes a causal connection between negligence chargeable to defendant and plaintiff's injury. This brings us to the further contention of the appellant that the evidence is insufficient to sustain the verdict. This contention is made because Claire Lewis was unable to state, positively, the cause of her injury. She testified: "I dove off the board into the water and swam around and then I was treading with my hands on that thing, I thought was for a hand rail, was balancing myself, when my foot hit something sharp, some material, I did not know what it was, I got out of the water, swam down to the other—the west —end of the tank and looked at my foot; it was bleeding and Mr. McLain put some mercuro-chrome on, and I went home." However, the other evidence in the record clearly established facts from which the jury was justified in concluding that she had been injured by reason of her foot coming in contact with jagged edges of a pipe protruding into the pool under the surface of the water. Mrs. Lewis testified that the object which struck her foot was sharp; that the point where this occurred was just a little west of the end of the spring-board; that she immediately left the tank and found her foot bleeding. It also appears that the injury was a ragged, jagged, lacerated wound. George Leads, superintendent of the defendant's building, testified that the spring-board extended out over the water from eight to eight and one-half feet; that the pipe in question was nine feet two inches west of the east side of the tank; that it was three feet nine inches from the floor of the tank and about

thirty inches from the top of the plunge under the surface of the water. He testified that this pipe extended from one-eighth to a quarter of an inch beyond the surface of the wall of the tank; that the edges were rough and jagged; that the south wall is perfectly smooth excepting for this rough, jagged pipe; that the end of the pipe was the only rough material on the south wall of the tank; that he knew from the time the pipe was installed until the time of the injury of the condition and existence of said pipe. We think the foregoing recital of the evidence answers the contention of appellant with reference thereto.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.