[Civ. No. 6944. First Appellate District, Division Two.—October 14, 1929.]

HARRY EASOM, Respondent, v. GENERAL MORTGAGE COMPANY (a Corporation), Appellant.

Alden Ames, Rudolph J. Scholz and Donald Scott for Appellant.

Brobeck, Phleger & Harrison for Respondent.

LUCAS, J., *pro tem.*—This action was brought by plaintiff (respondent herein), as the assignee of one James H. Hardy, to secure a balance due upon the purchase price of

certain promissory notes which the General Mortgage Company, defendant below and appellant herein, had purchased under contract from the said Hardy. The answer of the Mortgage Company purported to deny the performance of conditions precedent, and as a separate defense set up certain small counterclaims. There was also included in the answer a cross-complaint alleging fraud and praying for a rescission of the original contract. Issues were framed thereon, and the case proceeded to trial. Thereupon plaintiff and respondent rested on the pleadings, and defendant and appellant moved for a nonsuit. The motion was denied. Appellant then introduced evidence in support of the allegations contained in its answer and cross-complaint, and after the case was submitted to the court judgment was given plaintiff and respondent for the full amount sued for.

After a motion for a new trial had been made and denied, the Mortgage Company appealed, assigning as error the court's action in denying the motions for a nonsuit and for a new trial, in disallowing a certain offset or counterclaim, and in making allegedly contrary and inconsistent findings and findings not supported by the evidence. ■ The court is also said to have committed error in denying a motion for a continuance of the trial. This latter motion was made on the ground that the Mortgage Company was foreclosing a deed of trust securing one of the notes purchased under the contract involved in the case at bar. As appellant's action in that respect could have no possible bearing upon the issues involved herein, the motion was properly denied.

To pass upon the propriety of the trial court's action in denying the motion for a nonsuit it will be necessary to briefly examine the pleadings. The complaint, after alleging defendant's corporate existence, alleges that on August 5, 1926, James H. Hardy entered into a written contract with said defendant (appellant herein) whereby the said Hardy conveyed to it a promissory note of Anna M. and Charles A. Clark in the principal sum of $18,457.71, a promissory note of James Michael and Margaret Sinnott in the principal sum of $1800, and a promissory note of Robert Burns and Estelle Boardman Jensen in the principal sum of $1500, each of said promissory notes being secured by a separate second deed of trust. In consideration therefor the

Mortgage Company agreed to pay the said Hardy $10,500 "when the title to said promissory notes had been cleared in accordance with the recommendations of the preliminary title search submitted by the East Bay Title Company, which said search was to show clear title to date of assignment to General Mortgage Company," and $10,400 "not later than sixty (60) days from the date of said first payment." It is then alleged that on August 5, 1926, the said Hardy transferred his interest in said contract to plaintiff, that the General Mortgage Company was notified of said assignment, and that on the same date the title to said promissory notes was cleared in accordance with the recommendations of the preliminary title search referred to in said contract, the search showing clear title to the date of assignment. It is further alleged that of the payments due under said contract only the sum of $14,000 had been paid, and that there was still due, owing and unpaid from the Mortgage Company to plaintiff (respondent herein) the sum of $6,900, together with interest. None of these allegations was denied by the answer. In addition to the foregoing, however, the complaint contained the following allegation:

"IV.

"That said Hardy and said plaintiff had performed all of the conditions in said contract on the part of said Hardy contained."

The answer attempted to deny this paragraph in the following words: "Denies the allegations in paragraph IV of said complaint, and in this respect denies that said Hardy or plaintiff had performed all of the conditions in said contract to be performed by the said Hardy."

■ This denial, according to appellant, placed in issue the allegations of performance of all conditions to be performed by Hardy and therefore made it incumbent upon respondent to prove performance. We do not agree with appellant. The only condition mentioned in the complaint as a condition precedent to payment was that concerning the clearing of title to the promissory notes, and the performance of that condition was admitted by failure to deny.

■ There are several reasons why appellant cannot be heard to complain of the court's ruling on the motion for a nonsuit. In the first place, the complaint stated a com-

plete cause of action without paragraph IV, and the contract being pleaded in terms and not being set forth in full, paragraph IV may be considered as surplusage, or at least an immaterial allegation which it is not necessary to deny. (21 Cal. Jur. 143.)

Secondly, if the allegations contained in paragraph IV may be considered material, the denial thereof being in form a negative pregnant was insufficient. It had the effect of admitting that all the conditions precedent except the least material thereof had been performed. In law this has been held to amount to an admission that substantially all of the terms and conditions of the contract had been complied with. (*Jones & Laughlin Steel Co.* v. *Abner Doble Co.*, 162 Cal. 497, 500 [123 Pac. 290].)

Again, the motion did not sufficiently state the grounds relied upon. The only ground assigned was failure to prove performance on the part of respondent. Counsel failed, however, to direct the court's attention to any particulars in which the proof failed. It has been many times held that an appellate court will not review the ruling of a trial court denying a motion for a nonsuit upon any ground not precisely and specifically stated in the motion, the reason being that the court and opposing counsel are entitled to have their attention directed particularly to the supposed defects in plaintiff's case. (*Millar* v. *Millar*, 175 Cal. 797 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394].) It develops from a reading of the transcript of the evidence taken at the trial that moving counsel was in no position to direct the court's attention to particulars in which the proof failed for the simple reason that there were no other conditions to be performed by respondent or his predecessor.

It is true that in the written contract introduced in evidence as Plaintiff's Exhibit "A," where reference is made to the payment of $10,400 the following language appears: "10,400 upon completion of contractual outlets and not later than sixty (60) days from the date of the first payment made above." Neither from the contract nor from the evidence can it be ascertained what was meant by the words "contractual outlets," nor whose duty it was to complete them; but since in any event the $10,400 payment was to have been made not later than sixty days from the date

of the first payment (i. e., from August 5, 1926), the completion of contractual outlets—whatever they may be—was certainly not a condition precedent to payment.

█ Finally, even if it could be said that the court erred in denying the motion for a nonsuit, such error could not be taken advantage of herein because the evidence subsequently admitted fully supports the judgment. In such a case the order denying the motion for a nonsuit will not be disturbed. (*Lowe* v. *San Francisco etc. Ry. Co.*, 154 Cal. 573 [98 Pac. 678]; *Mayr* v. *Goldschmidt*, 63 Cal. App. 381 [218 Pac. 621].)

█ The point attempted to be made concerning the alleged error of the court in disallowing certain offsets is entirely without merit, as the testimony in reference to offsets was conflicting and the court was at liberty to accept as true the testimony of respondent's witnesses in reference thereto.

█ The claim of conflicting and insufficient findings we find also to be without merit. As a so-called third and separate defense and by way of cross-complaint appellant alleged that respondent's predecessor Hardy represented at the time of transfer of one of the notes and second deeds of trust that there had been paid on a certain first deed of trust the sum of $4,000 as interest in advance, and that there had also been paid the sum of $2,000 as premiums on fire insurance policies covering the encumbered property. It is then alleged that these representations were false, the facts being that the interest on said first deed of trust payable July 2, 1926, had not been paid, that default had occurred prior to August 5, 1926, in the payments due under said first deed of trust, and that no interest thereon whatsoever had been paid in advance, and that said property on August 5, 1926, was not covered by fire insurance on which payments had been made in the sum of $2,000, or any other sum. The court found in reference to these allegations:

"8. That it is true that said James H. Hardy represented to the cross-complainant and defendant that there had been paid on said first deed of trust . . . the sum of Four Thousand Dollars ($4,000), as interest in advance, and also that there had been paid the sum of Two Thousand Dollars ($2,000) as premiums on fire insurance policies covering the said property, but it is not true that said representations,

or either of them, were false or fraudulent; that it is true that the interest on said first deed of trust which was payable on the 2nd day of July, A. D. 1926, had not been paid, and that default had occurred prior to August 5, 1926, in the payments due under said first deed of trust; but it is not true that no interest thereon whatsoever had been paid in advance; but, on the contrary, it was true that the said sum of Four Thousand Dollars had been paid as interest thereon in advance; that it is true that said property on said 5th day of August, 1926, was covered by fire insurance on which premiums had been paid in the sum of Two Thousand Dollars ($2,000)."

These findings are not contradictory. It is found to be true that the sum of $4,000 had been paid in advance as interest upon the first deed of trust. It is also found to be true that default had occurred in the payment of interest due January 2, 1926; but there is no finding, nor in the evidence is there any justification for a finding, or even an assumption, that the interest found to be paid in advance was interest falling due July 2, 1926.

■ Appellant further attacks the above findings on the ground that that portion thereof finding it untrue that the representation in regard to the interest payment of $4,000 was neither false nor fraudulent is not supported by the evidence. The attack is unmerited. The defense of fraud and misrepresentation was an affirmative defense to be proven by appellant by a preponderance of the evidence. Appellant failed in this proof, and therefore the court properly found against the averments of fraud and misrepresentation.

As a matter of fact the only erroneous finding of the court shown by the record is the finding that Hardy represented that a $4,000 advance interest payment had been made. In regard thereto appellant's employee to whom the representation was said to have been made testified positively:

"Q. You handled that transaction, did you? A. Yes, sir.

"Q. Now, at the time that this agreement was entered into did Mr. Hardy mention to you anything about the payment of interest on the first deed of trust on property on Broadway Street? A. I don't remember any statement of that kind.

"Q. Did he at any time ever tell you that the interest on that property was in arrears or had been paid? A. No."

While this finding was clearly unsupported by the evidence, being in its favor, appellant cannot complain. On the other hand, since in point of fact no such representation was made, it could neither be fraudulent nor relied upon as a matter of inducement.

The motion for a new trial which appellant insists should have been granted was made upon several statutory grounds, but the only one relied upon by appellant was that of newly discovered evidence.

"In *People* v. *Sutton*, 73 Cal. 243 [15 Pac. 86, 88], it is said: 'To entitle a party to a new trial on the ground of newly discovered evidence, it must appear,—"1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not, with reasonable diligence, have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits." (1 Hayne on New Trial and Appeal, sec. 88.) "Applications on this ground are addressed to the discretion of the court below, and the action of the court below will not be disturbed, except for an abuse of discretion, the presumption being that the discretion was properly exercised." (1 Hayne on New Trial and Appeal, sec. 87.)' " (*People* v. *Urquidas*, 96 Cal. 239, 241 [31 Pac. 52].)

In this case the affidavit in support of appellant's motion was based largely on hearsay. Many of the alleged facts contained therein were immaterial and entirely insufficient, either of themselves or in connecton with the other testimony in the case, to establish any defense to the action and were not such as to render a different result probable on a retrial of the cause. The affidavit also contained averments attempting to set up a new offset arising out of a deficiency judgment recovered subsequent to the trial against respondent's assignor on foreclosure of a deed of trust securing one of the notes involved in this action. Permission was asked to present such evidence at a new trial and to file an amended answer and cross-complaint setting up such offset. There would be no end to litigation if such

procedure were generally allowed. We are unable to see, therefore, any abuse of discretion on the part of the trial court in denying appellant's motion.

The judgment appealed from is affirmed.

Sturtevant, J., and Nourse, Acting P. J., concurred.