[Civ. No. 6884.   Second Appellate District, Division Two.—August 28, 1931.]

ROY STONAKER, Appellant, v. BIG SISTERS HOSPI-TAL (a Corporation) et al., Respondents.

Pierce & Gould and Sheridan, Orr, Drapeau & Gardner for Appellant.

S. J. Tillim, *in pro. per.*, Blackstock & Rogers and George L. Greer for Respondents.

CRAIG, J.—In an action for damages against a hospital, two nurses and a surgeon, in Ventura County, the jury were directed to return a verdict in favor of the defendants, and the plaintiff appealed from the judgment.

From such argument in the briefs as is based upon evidence appearing in the record, as distinguished from statements of counsel, we assume that the contention as to its sufficiency to warrant submission of the case to the jury is founded principally upon negligence in failing to examine an ether machine used during an operation, and the fact that the patient's adenoids were removed after discovery that an excessive amount of ether had been administered.

■ It appears without contradiction that the hospital corporation was established and conducted as a charitable institution; that appellant employed the surgeon who performed the operation, and made independent arrangements for hospitalization. Witnesses for all of the parties were unanimous in their testimony that respondent Tillim did not furnish, assemble, inspect or prepare the ether machine for use; that it was the duty of the anaesthetist to superintend such work and to test the machine before it was used, and that proper medical practice requires it of such attendant. Typical of the evidence in this respect is that of Dr. Thomas E. Cunnane, who swore: "I think the duties are completely separated. The surgeon is responsible for the operative work only,—the results of the operation; and the anaesthetist is responsible for the life of the patient so far as the anaesthetic is concerned."

As soon as the respondent doctor approached the table and observed an excessive flow of anaesthetic he removed the tube, applied restorative methods, and removed the patient's adenoids. Appellant's own witness, an expert, when asked: "Dr. Bianchi, in your opinion, did the removal of the adenoids after this unfortunate incident assist the child or hurt the child at the time?" replied, "It may have assisted the child; . . . the removal of the adenoids might have helped to relieve the condition of the lungs." There is nothing in the record which is indicated nor which we

have been able to find, to the contrary, or tending in any way to ·charge respondent Tillim with negligence or with the commission of any act detrimental to the best interests of the patient. The cardinal rule that in an action for damages the burden of proof rests upon the plaintiff, as in other cases, requires no· citation of authority.

■ The original answer of the respondent corporation is incorporated in appellant's opening brief. It is not made a part of the record, and must be disregarded. (*Gallatin Irr. Co.* v. *Bristol,* 163 ·Cal. 405 [Ann. Cas. 1914A, 74, 126 Pac. 864].) ■ It is contended that it was error to permit the filing of an amended answer, that it was "irrelevant, incompetent and immaterial, and that it does not plead facts sufficient to constitute a defense". It joined issue upon the facts alleged by the plaintiff, and contrary to appellant's assertion, it was therein alleged "that said hospital was not conducted for profit". However, it is admitted that the amendments did not set forth any other or further defense than that originally pleaded, and we cannot say that the trial court abused its discretion in permitting the defendant to amend. (*Crosby* v. *Clark,* 132· Cal. 1 [63 Pac. 1022].)

■ It is also contended that evidence offered on behalf of the respondent corporation tending to show that it was a charitable institution, was contrary to the provisions of its general articles of incorporation, and was erroneously admitted. Authorities involving various commercial corporations are cited by appellant, but it is apparent from pertinent decisions that they have no application. This question was determined in *Stewart* v. *California Medical Missionary & Ben. Assn.,* 178 Cal. 418 [176 Pac. 46], wherein it was said: "The character of the institution is to be determined not alone by the powers of the corporation as defined in its charter, but also by the manner of conducting the hospital."

■ Objections to evidence offered by the plaintiff as tending to show that the hospital authorities exhibited a consciousness of commercial or profitable operation, in that it may have procured a policy of insurance against like casualties, were sustained. This evidence was properly excluded. (*Levy* v. *Superior Court,* 74 Cal. App. 171 [239 Pac. 1100].)

■ It appears without contradiction that the hospital paid no compensation to its constituents for services, and

that it paid no dividends; that it was conducted for the good of the community, by a charitable organization known as the Big Sisters League, with the intent and purpose that if there was a surplus over and above the expense of carrying it, such surplus would go to the said league. There is no evidence of a relaxation of reasonable diligence in the selection of attendants. As we have observed the respondent physician employed by appellant was not employed by the corporation, and was not charged with supervision of its mechanical apparatus. We think the case is governed by rules announced in *Burdell* v. *St. Luke's Hospital,* 37 Cal. App. 310 [173 Pac. 1008], that: "Upon this showing the court was clearly correct in directing a verdict for defendant, under the rule laid down in *Thomas* v. *German Gen. etc. Soc.,* 168 Cal. 183 [141 Pac. 1186], where it is said that 'where one accepts the benefit of a public or of a private charity he exempts by implied contract the benefactor from liability for the negligence of the servants in administering the charity, if the benefactor has used due care in the selection of those servants'. The fact that plaintiff paid the regular rates charged by the hospital for paying patients does not take the case out of the operation of this rule, for it is apparent that the rates were not charged with a view of making a profit from her, and the moneys received from paying patients were not in fact sufficient to meet even the ordinary operating expenses of the hospital, without considering any interest upon the amount invested in the buildings."

A trial court is invested with the authority and the duty to direct a verdict when there is no substantial conflict of evidence upon the essentials of the case. (*Estate of Sharon,* 179 Cal. 447 [177 Pac. 283]; *Kohn* v. *National Film Corp.,* 60 Cal. App. 112 [212 Pac. 207].) An order directing a verdict for either party will not warrant a reversal of the judgment unless it be made to appear that the court abused its discretion in such respect. (*Estate of Morey,* 147 Cal. 495 [82 Pac. 57].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1931.

Curtis, J., dissented.