[Civ. No. 8395.  Second Appellate District, Division Two.—July 14, 1934.]

GRACE RITCHIE et al., Appellants, v. LONG BEACH COMMUNITY HOSPITAL ASSOCIATION (a Corporation) et al., Respondents.

Alex. W. Davis, Mitchell, Silberberg & Knupp and Mitchell, Silberberg & Davis for Appellants.

Kidd, Schell & Delamer for Respondents.

SCOTT, J., *pro tem.*—The heirs at law of William Ritchie, deceased, brought this action against defendant hospital association and two of its employees for damages for his death. At the conclusion of plaintiffs' case, which was tried by a jury, the court granted a motion for nonsuit as to the employees. Evidence was then presented by the remaining defendant, the hospital association, and at the conclusion of the case the court directed a verdict in favor of that defendant. Plaintiffs appeal.

The deceased had been working as an oil-field driller when on May 12, 1928, he was injured and taken to the hospital, operated by defendant association, for diagnosis and treatment. X-ray pictures were taken on May 12th, 14th and 15th. A year and a half later, October 15, 1929, an operation was performed on the patient to remove an ulcer on his hip, which plaintiffs attribute to a burn from the X-ray machine when the pictures were being taken. After the operation and while the patient was still under the anesthetic he died.

The first ground stated for the motion for a directed verdict was that defendant association was at all times a charitable institution and was, therefore, not liable if it had used due care in the selection of its employees. The evidence discloses that such defendant was incorporated as a nonprofit association. The city of Long Beach leased the

land and buildings used for the hospital to defendant association for a monthly rental of one dollar. A portion of the support of the hospital came from the proceeds of a trust fund created to "enable the said hospital to render charitable, benevolent and humane services to the citizens of Long Beach and vicinity", and "members" of the association made voluntary contributions to its support. In addition to the buildings leased from the city the association had expended $176,000 on buildings and equipment. Free clinics were maintained in co-operation with the welfare bureau of the city, furnishing nurses, doctors and medicine for which the hospital received no payment. Indigent patients were cared for without charge, and others were charged for the service rendered. For its entire period of operation down to July 1, 1930, defendant association showed an operating loss in excess of $28,000, without taking into account depreciation of buildings and equipment. Appellants suggest that the X-ray department disclosed a slight excess of receipts over operating costs for the period in question and therefore should be considered apart from the hospital, but· that portion of its diagnostic and treatment facilities is so essential and integral a part of a modern hospital that such a separation would be unwarranted.

The character of respondent association as a charitable institution being established, the trial court properly directed a verdict in its favor if it exercised due care in the selection of its servants. (*Thomas* v. *German Gen. etc. Soc.*, 168 Cal. 183 [141 Pac. 1186]; *Burdell* v. *St. Luke's Hospital*, 37 Cal. App. 310 [173 Pac. 1008]; *Stonaker* v. *Big Sisters' Hospital*, 116 Cal. App. 375 [2 Pac. (2d) 520].)

Appellants contend that the association was required to plead and prove that it had used due care in selecting its servants whose negligence caused the injury to deceased. Out of four persons who might have taken the X-ray pictures of deceased, three testified without contradiction that they had not done so and the fourth stated that she probably had done so. The evidence showed that due care had been used in the selection of that employee. The case of *Meyer* v. *McNutt Hospital*, 173 Cal. 156 [159 Pac. 436], is cited by appellants in urging that the doctrine *res ipsa loquitur* be applied; that is, that proof of the injury establishes not only negligence in the operation of the X-ray machine, but also

negligence in the selection of servants by respondent, and that so applied, evidence of the exercise of due care by the latter would merely create a conflict which should have been submitted to the jury for its determination. In the case cited there is nothing to indicate that evidence was offered to establish due care by defendant association in selecting its servants, and it is, therefore, not authority for the proposition that where there is such evidence the presumption raised by the application of the doctrine of *res ipsa loquitur* would create a conflict sufficient to require its submission to the jury. The rules applied in *Burdell* v. *St. Luke's Hospital* and *Stonaker* v. *Big Sister's Hospital, supra,* are contrary to the suggestion of appellants in this regard.

Defendant hospital association did not plead its defense that due care had been exercised in selecting its servants. Evidence was admitted, however, establishing that such due care had been used. The court in *Lewis* v. *Y. M. C. A.*, 206 Cal. 115 [273 Pac. 580], indicated that where defendant relies upon the defense that it is a charitable organization it must plead and prove that it had used due care in selecting its servants whose negligence had caused the injury to plaintiff, and commented upon the case of *Burdell* v. *St. Luke's Hospital, supra,* in which a rehearing had been denied by the Supreme Court. In the latter case there is no intimation that defendant pleaded the use of due care in selecting its employees, but the reporter's transcript was examined by the Supreme Court when it was considering the case of *Lewis* v. *Y. M. C. A., supra,* and it disclosed that defendant fully *proved* as a part of its case that it had exercised reasonable care in the selection of its agents and employees. We have examined the clerk's transcript in *Burdell* v. *St. Luke's Hospital* and find that the defendant did not *plead* the use of due care in selecting its servants. The rule would appear to be, therefore, that where such proof has been made, the fact that defendant has not pleaded the use of such due care will not of itself deprive him of the defense here relied upon.

Appellants contend that deceased may not have known of the charitable nature of the hospital association and could not be bound by any implied contract regarding its liability. The name of the hospital and its widespread community service were matters which the court might as-

sume were of common knowledge, and nothing in the record would support a suggestion either that the hospital's character was unknown to deceased or that he indicated to any person that he refused to be bound by the contract waiving liability which the law inferred from the acceptance by him of the benefits of its service.

A motion for a directed verdict may be made by a defendant whenever a complete defense has been made out by uncontradicted evidence. (*Kohn* v. *National Film Corp.*, 60 Cal. App. 112 [212 Pac. 207].)

While the above matters are determinative of this appeal, it should be added that there was no substantial evidence tending to show that deceased died as the result of any X-ray burns received while at the hospital. The evidence showed that he died from coronary thrombosis, a condition of the heart, which was not attributable to the X-ray burn, the operation or the anesthetic, nor any other act or omission of defendant association or its servants.

Appellants moved for a new trial as to defendant McCray, based on the ground of newly discovered evidence. The names of two witnesses and the materiality of their testimony were made known to appellants before the trial, upon the taking of certain depositions. There was no showing of an effort to secure their attendance at the trial or to call them as witnesses, or to secure a continuance to produce them before the close of plaintiffs' case. In fact, they were in court and were produced as witnesses for defendants. The court properly denied the motion. (*Eason* v. *General Mortgage Co.*, 101 Cal. App. 186 [281 Pac. 514]; *Scanlan* v. *San Francisco etc. Ry. Co.*, 128 Cal. 586 [61 Pac. 271].)

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal, on August 13, 1934.