[Civ. No. 8426. Second Appellate District, Division One.—November 20, 1934.]

BEVERLY RAE SHANE, a Minor, etc., Respondent, v. THE HOSPITAL OF THE GOOD SAMARITAN (a Corporation), Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellant.

John H. Klenke and Elbert E. Hensley for Respondent.

HAHN, J., *pro tem.*—This appeal is by defendant from an order granting plaintiff's motion for a new trial.

Plaintiff, a minor, by her guardian *ad litem* brought this action for damages for injuries alleged to have been suffered on the day of her birth, through the negligence of a nurse employed by defendant which maintained the hospital where plaintiff and her mother were patients.

The answer, in addition to denying the allegations of negligence, alleges that defendant "was a nonprofit sharing eleemosynary, charitable institution, organized and maintained for the purpose of giving hospital attention, nursing

and medical aid to the sick and unfortunate; that it had no stockholders and no method of distributing profits, if any were made, and that it was not organized for and had never attempted to realize profits from the operations of its hospital''.

At the conclusion of the testimony, defendant moved for a directed verdict upon the grounds that the evidence conclusively established that the Hospital of the Good Samaritan was a nonprofit sharing eleemosynary corporation, not organized for profit, but for the purpose of training nurses and for the care of the sick, including those who were unable to pay wholly or in part for medical and surgical aid, and that at the times mentioned in the complaint the hospital was being operated for the purpose for which it was formed as a charitable institution; that the evidence conclusively established that the Hospital of the Good Samaritan at all times exercised due care in the selection of its servants and agents, etc. This motion was by the court granted and pursuant to the court's instruction, the jury returned its verdict for the defendant. In due course, plaintiff made a motion for a new trial, which, after argument, was granted.

Appellant in its brief asserts: ''The only question presented by this appeal is whether a corporation of the character of the defendant is responsible in damages for the negligence of a nurse engaged in caring for a patient in the hospital.'' It is well established in this state, and in other jurisdictions by the weight of authority, that ''one who accepts the benefit either of a public or of a private charity enters into a relation which exempts his benefactor from liability for the negligence of his servants in administering the charity; at any rate, if the benefactor has used due care in selecting those servants''. (*Stonaker* v. *Big Sisters Hospital,* 116 Cal. App. 375 [2 Pac. (2d) 520]; *Burdell* v. *St. Luke's Hospital,* 37 Cal. App. 310 [173 Pac. 1008]; *Thomas* v. *German Gen. etc. Soc.,* 168 Cal. 183 [141 Pac. 1186]; *Stewart* v. *California Medical Missionary & Ben. Assn.,* 178 Cal. 418 [176 Pac. 46]; *Powers* v. *Massachusetts Homoeopathic Hospital,* 109 Fed. 294 [65 L. R. A. 372]; *Schloendorff* v. *Society of New York Hospital,* 211 N. Y. 125 [105 N. E. 92, Ann. Cas. 1915C, 581, 52 L. R. A. (N. S.) 505]; *Jensen* v. *Maine Eye & Ear Infirmary,* 107

Me. 408 [78 Atl. 898, 33 L. R. A. (N. S.) 141]; *Hearns* v. *Waterbury Hospital*, 66 Conn. 98 [33 Atl. 595, 31 L. R. A. 224]; *McDonald* v. *Massachusetts Gen. Hospital*, 120 Mass. 432 [21 Am. Rep. 529]; *Morrison* v. *Henke*, 165 Wis. 166 [160 N. W. 173]; *Magnuson* v. *Swedish Hospital*, 99 Wash. 399 [169 Pac. 828]; 5 R. C. L., pp. 375–377.)

Counsel for respondent, who for reasons which appear sufficient, has filed no brief, urged in oral argument, that the rule of exemption of charitable institutions from liability to its patrons for injuries suffered through the negligence of its employees, has been given recognition in California on the theory of an implied contract, that one who accepts the charity exempts his benefactor from any liability for the negligence of the benefactor's employees or servants. That inasmuch as plaintiff, at the time she suffered the injuries complained of was an infant incapable of contracting, no implied contract may be imputed to her. Therefore it is argued, since the reason for the rule is not applicable, this case does not come within the rule of nonliability, but must be determined in accordance with the general rules that pertain in negligence cases. Assuming this premise, respondent urges that the court erred in instructing the jury to bring in a verdict for defendant, and that its order granting a new trial was properly made to correct this error. In support of this contention the cases of *Thomas* v. *German Gen. etc. Soc., supra,* and *Stewart* v. *California Medical Missionary & Ben. Assn., supra,* are cited.

While our courts in the various jurisdictions are almost unanimous in holding that charitable hospitals are immune against the claims of patients who suffer injuries through the negligence of hospital employees, there is a wide divergence in the views or theories assigned for this doctrine of nonliability. An examination of the cases and authorities dealing with this question discloses that four different theories are advanced in support of the doctrine:

First. That an implied contract is entered into by the patient when he accepts the benefit of the charity, that in consideration therefor he releases his benefactor from any claim arising from injuries he may suffer through the negligence of any employee of the benefactor.

Second. That the funds provided for the maintenance of the charity constitute a trust fund contributed for a specific purpose, which does not include that of payment of claims of beneficiaries of the charity for negligence of its employees.

Third. The relation of the person whose negligence caused the injury, does not bring the case within the rule of *respondeat superior.*

Fourth. It is contrary to public policy to permit funds contributed for the care of the sick to be used for the payment of a claim for damages resulting from the negligence of a servant in whose selection reasonable care was used by those in charge of the charity.

This question has been the subject of much controversy in state and federal courts, and is responsible for a number of extended judicial opinions, which in turn vigorously defend and assail the several reasons assigned as justifying the rule. We shall not undertake to review these cases, or indulge in any extended discussion of the merits or demerits of the theories advanced. While the conclusions are in accord, the reasons advanced for the conclusions are irreconcilable. Inasmuch as the undisputed facts bring the instant case well within the most limited application of the rule as recognized in the several jurisdictions, we will approach at once the point raised by respondent and determine to what extent, if at all, the cases she cites support her contention.

In the case of *Thomas* v. *German Gen. etc. Soc., supra,* plaintiff was employed as a chef in a hospital maintained by defendant. While so employed he was injured by a fall in an elevator shaft left open as a result of the negligence of a fellow employee. The judgment in favor of plaintiff was reversed on the ground that the injury was proximately caused by the negligence of a fellow employee, for which defendant was not liable. At the close of the opinion in that case, the following statement appears: "A final contention of appellant is that it is in no way responsible, by reason of the fact that it is a charitable institution, and that an action against it such as this will not lie. Such was the doctrine of some of the earlier cases. We need not enter into an elaborate discussion of the question. All of the authorities *pro* and *con* have been industriously collated and learnedly reviewed in *Basabo* v. *Salvation*

*Army,* 35 R. I. 22 [42 L. R. A. (N. S.) 1144, 85 Atl. 120]. With the conclusion there reached we are in accord. That conclusion is that the true doctrine amounts to this; that where one accepts the benefit of a public or of a private charity he exempts by implied contract the benefactor from liability for the negligence of the servants in administering the charity, if the benefactor has used due care in the selection of those servants.''

In the Stewart case, *supra,* the decision turned on the question as to the sufficiency of the articles of incorporation and by-laws of defendant to support appellant's contention that the evidence conclusively proved that defendant's hospital was operated and maintained as a charitable institution. The court held against appellant's contention.

In addition to the argument that the cited cases are not controlling, appellant points to the following declaration in the opinion in the Stewart case as being decisive on the point. ''The courts of this country have almost unanimously arrived at the conclusion that hospitals organized for charitable purposes are not liable to their patients for injuries arising from the negligence of their employees, where reasonable care is used in the selection and retention of the employee, although the reasons given for this rule vary in the different states. (Citing cases.) The question was also considered by this court in Department (July, 1914) in *Thomas* v. *German Gen. etc. Society supra.* It was there said, without discussing the doctrine, that 'all the authorities *pro* and *con* have been industriously collated and learnedly reviewed in *Basabo* v. *Salvation Army,* 35 R. I. 22 [42 L. R. A. (N. S.) 1144, 85 Atl. 120]. With the conclusion there reached we are in accord. That conclusion is that the true doctrine amounts to this: that where one accepts the benefit of a public or of a private charity, he exempts by implied contract the benefactor from liability for the negligence of the servants in administering the charity, if the benefactor has used due care in the selection of those servants.' In view of the fact that the court had arrived at the conclusion that under the ordinary rules pertaining to corporate liability the defendant in that case was not liable for the injury complained of because of the fact that the proximate cause of the injury was the negligence of a fellow-servant, for which the defendant was not in any event

liable, and in view of the further fact that the court does not attempt to apply the rules enunciated in *Basabo* v. *Salvation Army, supra,* to the facts of that case, the case cannot be considered as having committed this court to any one of the several theories on which the nonliability of charitable corporations is based, or to the doctrine of nonliability.''

This direct holding that the Thomas case is not to be regarded as establishing in California the doctrine of ''implied contract'' as the basis for the rule of nonliability as to charitable institutions, as well as the reasons therein stated for this conclusion, deprive respondent of her main support urged in justification of the trial court's ruling. We do not feel it necessary in order to meet the fair requirements of this opinion to make a judicial declaration as to the doctrine which should be considered as forming the proper basis for the rule of nonliability. Other than in the two California cases cited, our attention has been directed to no other California case wherein the court in applying the rule, deemed it necessary to declare the proper reason for the rule. In arriving at this conclusion, we are moved to quote from the opinion of the United States Circuit Court of Appeals, in *Powers* v. *Massachusetts Homoeopathic Hospital, supra,* in which case the author of the opinion made a most exhaustive review of the cases wherein this question was considered. ''Though we feel constrained to differ from the reasoning followed by some other courts in reaching the same conclusion, we are not unmindful that the identity of conclusion reached, though by different roads, is a strong proof of its correctness. Doubtless a weight of authority is more overwhelming if it is identical in reasoning as well as in result, but identity of result is in itself no mean argument for its justice.''

It is not contended by respondent that the evidence does not bring defendant well within the definition of a ''charitable institution'' as that term has been defined by the weight of authority. Nor is it suggested that there is any evidence in the record that would support any other finding than one that defendant exercised due care in employing the nurse whose negligence caused plaintiff's injuries.

Appellant in closing its brief, urges that even though the theory of "implied contract" should be recognized in this state, still by the weight of reason and authority plaintiff should be denied a right of recovery under the undisputed facts. There is merit in this contention. No case has been brought to our attention from any jurisdiction in which the rule of nonliability of charitable institutions is recognized where any exception has been made to its application because the injured person was a minor. In the cases of *Weston's Admx.* v. *Hospital of St. Vincent of Paul,* 131 Va. 587 [107 S. E. 785, 23 A. L. R. 907], *Hogan* v. *Chicago Lying-in Hospital & Dispensary,* 335 Ill. 42 [166 N. E. 461], and *Parks* v. *Northwestern University,* 218 Ill. 381 [75 N. E. 991, 4 Ann. Cas. 103, 2 L. R. A. (N. S.) 556], the plaintiffs were minors but held not entitled to recover for injuries received because of the nonliability doctrine. While the reasons assigned for refusing in each case a right of recovery were not the same, the fact that the conclusions in all three cases are in accord, "is a strong proof of its correctness". If it can be successfully urged that a proper determination of the question requires a declaration of the theory or basis upon which the rule may be foundationed, reason and the weight of authority would furnish an adequate basis in the doctrine of public policy, the considerations in support of which would seem to be more convincing and less vulnerable to attack than those advanced in support of any of the other theories which have had judicial sanction.

For the reasons indicated we conclude that the trial court erred in granting plaintiff's (respondent here) motion for a new trial. The order is reversed and the case remanded, with instructions that judgment be entered on the jury's instructed verdict for defendant.

Conrey, P. J., and York, J., concurred.