[Civ. No. 1926. Fourth Appellate District.—November 4, 1935.]

HAROLD P. YOUNG, a Minor, etc., et al., Appellants, v. BOY SCOUTS OF AMERICA (a Corporation) et al., Respondents.

A. Fairchild and Maurice C. Atchison for Appellants.

Harvey H. Atherton, S. L. McCrory, and Whitelaw & Whitelaw for Respondents.

BARNARD, P. J.—This is an action for damages for injuries suffered by the plaintiff Harold P. Young. Demurrers interposed by the several defendants were sustained and from the ensuing judgment the plaintiffs have appealed.

The amended complaint alleged that the Boy Scouts of America is a corporation organized and existing under an act of Congress; that it is engaged in the mental and physical training of boys; that it is also engaged in the business of selling certain clothing and other equipment to its members for profit and in publishing two magazines; that it was carrying on its business in California and particularly in Imperial County; that among the officers of said corporation are scoutmasters whose duty it is to personally supervise, instruct and direct the movements of its members while engaged in scout work; that said corporation delegated the power to the other corporation defendant, as its agent, to promote boy scout activities in Imperial County by organizing boy scout troops and local troop committees, providing leadership, recommending the appointment of scoutmasters and supervising and directing the activities of those engaged in boy scout work in said county, that the last-named corporation defendant is operating as provided in the charter, constitution and by-laws of the first-named corporation and as its agent in said county; that as such agent it appointed and recommended that the defendant Henry Webster be commissioned as scoutmaster; that by reason thereof the first-named corporation appointed and commissioned the said Webster to be the scoutmaster for Troop 13 in said county; that the said agent failed to use due care in the selection and recommendation of a competent scoutmaster and the defendant Boy Scouts of America, with full knowledge of the facts, commissioned the said Webster as a scoutmaster without using due care in his selection when it knew that he was incompetent in that he was not an able-bodied man but was a cripple caused by infantile paralysis when he was a child; that he walked with great difficulty, was unable to ride a bicycle as a normal person and was unable to march with his troop or give first aid or do many other things required of a scoutmaster in the performance of his duties.

It is then alleged that the plaintiff Harold P. Young was of the age of twelve years and a regular boy scout duly enrolled in Troop 13 at Calexico in said county; that on January 13, 1934, the said Webster, while acting as the agent of the defendant corporation and as their scoutmaster, commanded the said Harold P. Young and other boy scouts to proceed on bicycles to a point about twelve miles from said city of Calexico for the purpose of taking certain scout tests; that on the return to Calexico the said Webster rode a bicycle along a paved highway and commanded Harold P. Young and another boy scout to follow him in formation upon said highway upon their bicycles, which they did; that while so returning it became dark, the party being delayed because of the physical disability of the said Webster to ride his bicycle; that the said Webster and the boys had no headlights upon their bicycles; that the said Webster, knowing the danger, commanded the said plaintiff and the other boys to thus proceed in formation without lights in violation of sections 99 and 105 of the California Vehicle Act, which they did; that the said Webster failed to obtain lights at a gas service station where they stopped; that the said Webster failed to instruct the said plaintiff against the dangers of thus traveling or to warn him of the approach of automobiles; that while so returning and about the hour of 6 o'clock P. M., and while they were thus traveling in formation and on the right-hand side of the paved highway with the scoutmaster in the lead, the defendant Chavez, driving an automobile owned by the defendant Sandoval, and coming in the opposite direction, negligently drove said automobile on the left and wrong side of said paved highway and into and against the plaintiff Harold P. Young, causing the injuries complained of.

It is then alleged that the two corporation defendants were further negligent in that they knew that the defendant Webster was physically defective and incompetent in that he was inexperienced in the handling of boys, was physically a permanent invalid and physically unable to safely direct the movements of his own bicycle or to warn the minor plaintiff of danger or to alight from his bicycle with the speed of a physically normal person and remove the plaintiff Harold P. Young from the path of the automobile which struck him, and that the accident to this plaintiff could have been avoided by,

the use of ordinary care which care the said scoutmaster was physically unable to exercise.

In our opinion, the complaint fails to state a cause of action against the two corporation defendants. The Boy Scouts of America was organized under an act of Congress providing that its constitution and by-laws be filed with and that regular annual reports be made to that body. We must take judicial notice of that act of Congress and of the constitution and by-laws and reports so filed. (Code Civ. Proc., sec. 1875; *Sheehan* v. *Vedder,* 108 Cal. App. 419 [292 Pac. 175].) We not only have such knowledge of the form of organization, purposes and method of operation of the first-named corporation defendant but, as alleged, the second named corporation defendant was organized and is operating in accordance with the plan provided for in said constitution and by-laws. With this knowledge before us it must be held that these corporation defendants are eleemosynary and charitable institutions. (*Estate of Dol,* 186 Cal. 64 [198 Pac. 1039]; *Tillinghast* v. *Council, etc.,* 47 R. I. 406 [133 Atl. 662, 46 A. L. R. 823]; *Stiles* v. *Des Moines Council, etc.,* 209 Iowa, 1235 [229 N. W. 841].) Any allegations of the complaint which conflict with facts of which we must take judicial notice must be disregarded. (*Bell* v. *Southern Pacific Co.,* 189 Cal. 421 [208 Pac. 970]; *French* v. *Senate,* 146 Cal. 604 [80 Pac. 1031, 2 Ann. Cas. 756, 69 L. R. A. 556]; *Loranger* v. *Nadeau,* 215 Cal. 362 [10 Pac. (2d) 63, 84 A. L. R. 1264].)

It seems to be well settled in this state that an eleemosynary and charitable organization is not liable to a beneficiary thereof for the negligence of its agents and servants unless it has failed to use due care in the selection of such agents. (*Thomas* v. *German Gen. etc. Soc.,* 168 Cal. 183 [141 Pac. 1186]; *Stewart* v. *California Medical etc. Assn.,* 178 Cal. 418 [176 Pac. 46]; *Ritchie* v. *Long Beach Community Hospital Assn.,* 139 Cal. App. 688 [34 Pac. (2d) 771].)

In so far as the defendant corporations are concerned this case is predicated upon the theory that the local council was the agent of the national organization, that the scoutmaster was the agent of both, that the scoutmaster was negligent in riding his bicycle along the right-hand side of a paved highway without a light and permitting the minor plaintiff to follow him in the same manner, that this negligence was a

proximate cause of the injuries complained of, and that the employers of the scoutmaster were negligent in choosing him because of his known physical infirmity.

It may well be doubted whether such a scoutmaster is the agent and servant of these organizations in the sense involved in those cases which have held a charitable organization liable for the negligence of its servants when proper care in selection has not been exercised. In such cases the servant whose negligence is imputed to the organization has been one employed by it to perform certain duties, although these duties may have been incidentally for the benefit of the beneficiary. Strictly speaking, the boy scouts' organization does not perform acts or carry on a service in the sense in which a hospital or similar institution does. The national organization and the local council furnish a program, train leaders in boys' work and encourage individuals in the various communities to carry on certain work of local benefit, but these organizations do not directly carry out these activities. The local councils assist along these lines but the actual work in the respective communities is performed by local scoutmasters under the direction of local troop committees. A scoutmaster is appointed on the recommendation of this troop committee and not on the recommendation of the local council, and he is responsible solely to this local committee. The troop committee and the scoutmaster are volunteer workers whose services are given to the community rather than to the organization which is, in practical effect, merely an adviser rather than an employer.

If, however, we here assume that this scoutmaster is to be considered as the servant and agent of the defendant corporations and, further, that the latter are liable for his negligence if proper care was not used in his selection, the important fact remains that this complaint indicates no causal relation between any lack of care shown in choosing this scoutmaster and the accident here in question. In order to impose liability on a charitable corporation, the incompetence of an agent, known to his superior, must have had something to do with causing the injury.

While the complaint alleges that this scoutmaster was inexperienced in the handling of boys, it goes on to allege the form of incapacity relied on, which was physical, and it is then particularly alleged how it is claimed this lack of physi-

cal capacity on the part of the scoutmaster contributed to this accident. Boiled down, the charge is that this scoutmaster was unable to quickly alight from his bicycle and remove the minor plaintiff from the path of the automobile which struck him, that he could have avoided this accident had he been able to take such action, and that he was thus prevented from exercising ordinary care by reason of his infirmity. As a practical matter, the allegation is not that this physical disability of the scoutmaster had any part in causing the injury, but that it prevented him from removing the boy from a dangerous situation caused by someone else.

Under the facts alleged, we think any physical disability from which the scoutmaster suffered is too remote to be taken as a cause, proximate or otherwise, of the injury to this plaintiff. Incidentally it appears from the complaint that the scoutmaster was able to ride his bicycle twelve miles to the place where certain scout tests were given, and at least a part of the way back. The scoutmaster in the lead and the boys behind him were riding on the right-hand side of the paved highway. The approaching automobile came over to its left and wrong side of the road and struck the boy who was riding behind the scoutmaster. Had the scoutmaster been of perfect physique he could not have alighted and gone back and taken the boy from another moving bicycle in time to have removed that boy from the path of an automobile which had come over to the wrong side of the road after it had passed him. It cannot be inferred that a man without the disability suffered by the scoutmaster could have performed so superhuman a task as that which the appellants allege and now argue would have prevented the accident. Under the circumstances of this case, any alleged negligence in choosing this scoutmaster could have had nothing to do with this accident and the demurrer was properly sustained as far as these corporation defendants are concerned.

With respect to the liability of the defendant Webster, it is sufficiently alleged that he was riding a bicycle on the right-hand side of the pavement after dark without a light and that he had commanded the minor plaintiff to follow him on another bicycle, which was also without a light. While it seems unlikely that his negligence in this regard was a proximate cause of this accident, in which the driver of the approaching automobile crossed over to his left and wrong

side of the road, there may be other facts which affect the matter and it cannot be said, as a matter of law, that any such negligence could not have been a proximate cause of the accident. This matter presented a question of fact which required consideration as such.

 Whether or not the minor plaintiff, in riding his bicycle after dark without a light, was guilty of contributory negligence which was a proximate cause of his injuries, was also a question of fact and not one of law. That being true, the demurrer of the defendants Chavez and Sandoval should have been overruled and the question of their liability determined after issue joined.

That part of the judgment in favor of the corporation defendants is affirmed and that part of the judgment in favor of the individual defendants is reversed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.