[Civ. No. 1677.   Fourth Appellate District.—October 11, 1937.]

RENA WOODMAN et al., Appellants, v. PACIFIC IN-
DEMNITY COMPANY (a Corporation), Respondent.

Fred L. Hamblin and Albert H. Ford for Appellants.

Sarau & Thompson for Respondent.

BARNARD, P. J.—The minor plaintiff was injured while
engaged with several other boys, who were members of a Boy
Scout troop, in hauling some rock and sand to be used in
building a fireplace at the scout barracks.   The boys were
using an old truck belonging to the school which they at-
tended, and in a former action for damages resulting from this
injury Hemet Union High School District, Riverside County
Council of Boy Scouts, and the Troop Committee of Hemet
Troop 47 of Boy Scouts, were joined as defendants with W. J.
Austin, who was a teacher in that school and also scout master
of that troop.   It was alleged in the complaint in that action
that Austin was scout master of said troop and that on the
day in question he had, as servant and agent of the other de-
fendants and as such scout master, requested, authorized and
directed these boys to go in this truck for the purpose of

securing a load of stone to be used in constructing a fireplace at the scout barracks. This was denied by the defendants. A jury brought in a verdict in favor of the Riverside County Council of Boy Scouts and of the Troop Committee and in favor of the plaintiffs as against the school district and W. J. Austin. On appeal the judgment was reversed as to the school district. (*Woodman* v. *Hemet Union High School Dist.*, 136 Cal. App. 544 [29 Pac. (2d) 257].)

After the judgment against Austin became final the plaintiffs brought this action to recover the amount of the judgment on the theory that Austin was covered as to this liability under a policy which had been issued by the defendant. This policy named as the assured thereunder "Riverside County Council of Boy Scouts of America and/or its Sponsoring Organizations, Committeemen and Scout Masters". The complaint in this action sufficiently alleged that Austin was scout master of this particular troop and acting as such at the time of the acts complained of in the original action. The answer admitted that Austin was the duly selected and designated scout master of Hemet Troop No. 47 of Boy Scouts, but denied that the liability represented by the judgment arose while he was acting as such scout master. It was admitted by the pleadings that the respondent had notice of the former action and that it employed attorneys who appeared for and defended Austin throughout that action. The court found that it was not true that the judgment was obtained by reason of the liability for said injuries imposed by law upon the said W. J. Austin while acting as such scout master. Judgment was entered in favor of the defendant and the plaintiffs have appealed.

The controlling question presented is whether the court erred in refusing to permit the appellants to introduce evidence which was offered to the effect that Austin was acting as scout master at the time of the negligent acts, for which he was held liable. The respondent's position is thus stated: "The judgment in the former case is now final, and we submit that the court here can look only to the judgment, and that the judgment on its face shows that it is against Austin in his individual capacity and not against him in any representative capacity." The trial court adopted this theory that the prior judgment was controlling and that the matter of the capacity in which Austin was acting at the time could

not be gone into in this action since it did not appear on the face of the judgment.

In our opinion, the court erred in rejecting the proffered evidence. A judgment had been entered against Austin and the only real question in the present action is as to whether he was covered under the policy which had been issued by the respondent. If, in committing the acts of negligence, he was acting as a scout master he was covered as a member of a class named among the assured. Whether or not he was so covered was not material in the other action. The fact that the jury found in favor of the two Boy Scout organizations cannot be taken as a finding that Austin was not acting at the time as a scout master as he might have been so acting without imposing liability on those organizations. (*Young* v. *Boy Scouts of America*, 9 Cal. App. (2d) 760 [51 Pac. (2d) 191].) Under the circumstances the judgment entered against Austin had no bearing on the question as to whether he was acting as scout master at the time, and is not conclusive on the issue here raised as to whether he was included as an assured under this policy.

In the present action the question of whether or not Austin was acting in the capacity of a scout master when he performed the acts which constituted negligence is both material and essential, in order to determine whether or not he was included in the classes named as the assured in the policy and covered thereby. In the ordinary action judgment might be obtained against a defendant personally although he was, at the time, acting as the agent of another. If his principal was then covered by a policy such as the one involved here the judgment creditor could sue the insurer and would then be entitled to show, if such was the fact, that the agent was included in a class named among the assureds in the policy and was also covered. While the judgment with which we are here concerned was against Austin personally, the appellants were entitled to show, if they could, that he was covered by this policy. The former judgment was not conclusive on that point and it was error to refuse to permit the appellants to introduce evidence for the purpose of showing that he was at the time acting in a capacity which brought him within the protection of the policy.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.