[Civ. No. 11338.   Second Appellate District, Division One.—December 2, 1937.]

QUEEN BARDINELLI, Respondent, v. THE CHURCH OF ALL NATIONS, METHODIST EPISCOPAL (a Corporation), et al., Defendants; LOS ANGELES MISSIONARY AND CHURCH EXTENSION SOCIETY OF THE METHODIST EPISCOPAL CHURCH (a Corporation), Appellant.

George L. Greer for Appellant.

Gerald E. Marks for Respondent.

YORK, P. J.—This action for damages for the death of a six-year-old child, brought by the mother of said child against defendant corporation, Los Angeles Missionary and Church Extension Society of the Methodist Episcopal Church, and its individual agents and employees, was tried by the court sit-

ting without a jury upon a stipulated statement of facts. It appears therefrom that the said defendant corporation owned and operated the All Nations Boys Club and admitted thereto the children of the poor and needy of that section of the city of Los Angeles adjacent to the said club, and allowed them the use of its gymnasium, workshops and shower-rooms and furnished entertainment to large groups of young children in order to keep them off the city streets. On February 29, 1936, while plaintiff's young son was playing about the club, he climbed upon a fire escape, maintained on the outside of the club building and extending from the second floor thereof to the roof, and fell to his death upon the sidewalk below.

Judgment for $2,500 was rendered against appellant corporation, the individual defendants being absolved from liability. Its motion for new trial having been made and denied, appellant corporation seeks a reversal of the judgment on the ground that it is an eleemosynary institution and therefore exempt from liability for negligence.

Respondent admits, and it was found by the court, that appellant corporation was organized and existing solely for charitable and nonprofitable purposes and that all of its servants were selected with due care, but she maintains that the negligence of appellant in failing to employ sufficient employees to properly discharge its duties and obligations, and its negligence in failing to make proper use of the employees which it had in its employ to meet and discharge its obligations is the negligence of the corporation itself in the discharge of its administrative duties which cannot be attributed or charged to its employees. This contention is based on the admitted fact that at the time the accident occurred only one employee was on duty, and respondent argues that this was not a sufficient number to properly supervise the boys then and there attending the institution.

No authority is cited in support of this last contention, nor does any reason appear for attaching liability under such circumstances. Especially is this true when it appears to be the settled law that an eleemosynary and charitable institution is not liable to a beneficiary thereof for the negligence of its agents and servants unless it has failed to use due care in the selection of such agents (*Young* v. *Boy Scouts of America,* 9 Cal. App. (2d) 760, 764 [51 Pac. (2d) 191], citing *Thomas* v. *German Gen. etc. Soc.,* 168 Cal. 183

[141 Pac. 1186]; *Stewart* v. *California Medical etc. Assn.*, 178 Cal. 418 [176 Pac. 46]; *Ritchie* v. *Long Beach Community Hospital Assn.*, 139 Cal. App. 688 [34 Pac. (2d) 771]); and where one accepts the benefit of public or private charity he exempts, by implied contract, the benefactor from liability for the negligence of the servants in administering the charity if the benefactor has used due care in the selection of those servants. (*Lewis* v. *Young Men's Christian Assn.*, 206 Cal. 115, 116 [273 Pac. 580]; *Baker* v. *Board of Trustees, etc.*, 133 Cal. App. 243, 245 [23 Pac. (2d) 1071].) In the late case of *Hallinan* v. *Prindle*, 17 Cal. App. (2d) 656, the court said at page 669 [62 Pac. (2d) 1075]: "A liberal construction of the rule exempting charitable institutions from liability for the negligent acts of their employees, when due care is exercised in their selection and retention, works no injustice, since the principal ground upon which such liability is founded, namely, that the employer is using the services of the employee for his own profit, convenience or pleasure, is, in the case of a charitable institution, entirely lacking."

The judgment is reversed.

Doran, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 31, 1938.