█ VIRGINIA J. RIKER et al., Respondents, v. BOY SCOUTS OF AMERICA, SARATOGA COUNTY COUNCIL, INC., Appellant, et al., Defendant.— Appeal by the defendant, Boy Scouts of America, Saratoga County Council, Inc., from a judgment of the Supreme Court, Saratoga County entered against it on jury verdicts for the plaintiffs in a negligence action for personal injuries, medical expenses and loss of services. On February 4, 1956 a Scout-O-Rama was held in the New York State Armory at Saratoga Springs under the sponsorship and general direction of the appellant Boy Scouts Council. One of the exhibits was erected by Cub Pack 11 and as part of this exhibit an American Flag and the Cub Pack's flag were set up against the wall adjacent to the exhibit. Mr. Mayette, a photographer for the Saratogian, jostled the American Flag loose while taking a picture. Shortly thereafter it fell injuring the plaintiff Virginia J. Riker. This negligence action by the plaintiffs Virginia Riker for personal injuries and by her husband, William Riker, for medical expenses and loss of services was brought against both the appellant Boy Scout Council and the Saratogian, the newspaper, employing Mr. Mayette. After the start of the trial the Saratogian obtained its release from the action by making a settlement for $1,150. Of this amount, $1,000 was allocated to Virginia J. Riker and $150 to her husband. The jury returned verdicts of $3,500 for Virginia Riker and $425 for her husband against the appellant after deducting the amount of the previous settlement. Appellant argues that no negligence has been shown against it, in that the exhibit which caused the injuries was set up by and on behalf of Cub Pack 11 and not appellant and further that the accident was caused solely by the negligence of an employee of the Saratogian. The respondents maintain that the appellant is responsible for the actions of the members of Cub Pack 11 in setting up the exhibits and that the appellant was negligent in failing to properly inspect and supervise the exhibition. There is no dispute that the Scout-O-Rama was under the sponsorship and direction of the appellant. The appellant argues, however, that Mr. Taylor in setting up the exhibit which caused the accident was acting solely as cub master of Cub Pack 11 and that it therefore cannot be held responsible for his actions. Clearly Cub Pack 11 is part of the appellant's organization and there appears to be no reason why the appellant should not be held responsible for its negligence in setting up an exhibit at an exhibition conducted by and under the direction of the appellant and for which it charged admission. It further seems clear, that the jury could have found that the members of the Cub Pack and particularly the cub master were its agents in setting up the exhibit at the armory, on this record. The executive director of appellant testified that a committee was set up to establish and supervise the Scout-O-Rama and whatever they did in connection therewith was done for the appellant. The head of this committee testified that the various troops were assigned areas in which to set up their exhibits. He further testified that Mr. Taylor, the cub master, had authority to set up decorations at his booth. Mr. Taylor testified that he had been requested by

the appellant to take charge of the exhibit. There were sufficient facts upon which the jury was justified in finding negligence. Although it was established that the flag had been jostled loose before it fell by a photographer nevertheless the jury could reasonably find that Mr. Taylor had set up the flag in a negligent manner. The flag was laid against the wall with three thumb tacks placed in the flag itself. The pole was in no way attached to the wall. This was a parade size flag and the evidence would appear to warrant a finding that due care was not exercised in attaching it to the wall in such a manner as to prevent it from falling. In view of the crowd expected to attend the Scout-O-Rama and the fact that the flags were set up on the side of an aisle, it could reasonably be anticipated that someone might brush against the flag. The respondents further contend that the jury could have found the appellant negligent through an act of omission, to wit, failure to adequately inspect and supervise the armory during the Scout-O-Rama. It has often been said that, " One who collects a large number of people for gain or profit must be vigilant to protect them" (*Tantillo* v. *Goldstein Bros. Amusement Co.,* 248 N. Y. 286, 290; *Antinucci* v. *Hellman,* 5 A D 2d 634, 636). The general chairman of the Scout-O-Rama testified that his committee would have had authority to remove anything which they thought constituted a hazard but that they were not aware of the condition of the flag which fell on the plaintiff or that any examination or inspection had been made of same. He testified that no one person was assigned to supervise the area where the accident occurred. The only other member of the committee who testified stated that he had not made any inspection of the decorations and he did not know if anyone else had. Thus it would seem that the jury could have also properly found that the appellant was negligent in failing to exercise reasonable care in inspection and supervision. In our view, the finding of liability was fully warranted on this record, and should be affirmed. Judgment unanimously affirmed, with costs to respondents against appellant. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.