■ MICHAEL E. DAVIS, Appellant, v. KEITH SHELTON et al., Defendants, and SUSQUENANGO COUNCIL, BOY SCOUTS OF AMERICA, INC., et al., Respondents.— GREENBLOTT, J. Appeal from orders of the Supreme Court at Special Term, entered in Broome County on November 22, 1968 and November 25, 1968, which granted respondents' motions for summary judgment dismissing the complaint as to them, and from judgments entered thereon. Appellant, then 14 years of age, was seriously injured on October 16, 1959 when a limb of a tree which he was climbing, broke under his weight, hurling him to the ground. He was a member of Boy Scout Troop 39 which was at the time on an all-night camping trip on land owned by the defendants Lawrence. The troop was sponsored by the defendant St. Andrew's Church of Binghamton, New York, under a charter granted by National Council, Boy Scouts of America, Inc., after having been approved by the Susquenango Council, Boy Scouts of America, Inc. The remaining defendants in the action, Keith Shelton, the

scout master, and Stanley Guinane, the assistant scout master of the troop, did not join in the motions to dismiss the complaint. Shelton had obtained permission from the Lawrences to use a portion of their lands for the camping trip. The campsite was located about three miles from a dairy bar operated by the Lawrences. After arriving at the site and setting up the camp, Shelton and Guinane left the campsite to procure a 40-quart can of milk, which had been left in a car at the side of the road some distance away. The boys began to play a game of hide-and-seek. Appellant climbed a tree and fell when a limb broke. Appellant alleges that St. Andrew's Church and the Susquenango Council were negligent both under the *respondeat superior* theory, and in providing incompetent and inexperienced leaders whom they had not properly trained. He alleges that the Lawrences owed him a duty of care as an invitee, and were negligent in that they maintained their land in a dangerous condition. It should be observed that the only affidavits submitted by appellant in opposition to the motion were the conclusory affidavits of counsel, which primarily repeated the allegations in the complaint. Such affidavits of an attorney not having personal knowledge of the event, and not stating evidentiary facts are insufficient on a motion for summary judgment (*Matter of Ford* v. *Burns,* 28 A D 2d 1157). Respondents' motions for summary judgment were properly granted since there was no triable issue of fact as to their negligence. There was no relationship which would make the Council and St. Andrew's Church liable for the acts of the defendants Shelton and Guinane. The Council is primarily a conduit which forwards troop charter applications to the National Council. It exercises no supervision or control over the activities of a scout troop which would be a primary element in establishing a master-servant relationship upon which to build a theory of *respondeat superior.* The Church's primary function was to provide "spiritual guidance" to the troop; it had nothing to do with its operations. It is clear that the Council and St. Andrew's Church fulfilled their duty, assuming one was owed, to provide properly trained leaders. Shelton had been an assistant scout master for some years prior to becoming a scout master and had attended training sessions sponsored by the Council. Guinane, a fireman trained in first aid, had also been active in scouting and attended training sessions. The Lawrences cannot be held liable since appellant's status was that of a bare licensee. They derived no economic benefit from permitting the scouts to use their land, and owed only the duty to abstain from affirmative acts of negligence or the infliction of intentional injury. No facts have been shown that the Lawrences were aware of the dangerous condition of the tree (*Dragon* v. *Adams,* 18 A D 2d 1120). Although the defendants Shelton and Guinane, scout master and assistant scout master respectively, did not ask for summary judgment at Special Term and did not participate in this appeal, the record clearly demonstrates no liability on their part. Having jurisdiction to determine this motion, this court, pursuant to CPLR 3212 (subd. [b]), accordingly modifies the orders to direct summary judgment for the defendants Shelton and Guinane, and dismisses the complaint as to them. Orders modified, on the law, so as to dismiss the complaint as to the remaining defendants, and, as so modified, affirmed, without costs. Judgments affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.