Breitel, J. (dissenting).
The unfortunate consequence to the infant plaintiff in this accident case is evocative of sympathy, but sympathy cannot supply absent facts establishing, negligence. Nor can inferred concurrent views by the trial court and the Appellate Division, at best reached sub silentio, fill the lack. Nor can the failure of the nominally compensated youthful counselor to raise the question bar the persistent urging of the real defendant, the YMCA, that there is such a lack of evidence.
The record is wholly silent as to the placement of the plastic chair arm on the shelf. There is no evidence who placed it there; it may have been placed there by another child. There is no evidence how long it had been there; it may have been placed there minutes before the accident. There is no evidence of the height of the shelf or the height of the young counselor who removed the pillow, dimensions which would bear on the opportunity or feasibility to see over the shelf. There is nothing except the fact that the chair arm fell when the pillow was taken from the shelf.
Cases involving placement by the host defendant of a flag, as in Riker v. Boy Scouts of Amer., Saratoga County Council (8 AD 2d 565), are irrelevant just because the defendant’s agents were shown to be responsible for the placement. For parallel reasons, the failure of an owner to exercise care to prevent a patently dangerous condition of long standing, therefore providing constructive notice is not comparable (Rivera v. City of New York, 10 A D 2d 72,13 A D 2d 941, revd. after a second trial on the ground there was no proximate cause, 11 N Y 2d 856).
The weakness in this case on the proof of negligence is not on the issue of foreseeability but the failure to prove that defendant YMCA did or failed to do anything at all that contributed to the accident, or that the individual defendant knew *381 or should or could have known that there was a chair arm or other dangerous thing on the shelf.
As the majority states, there could have been no contributory negligence, but that is only a dependent issue albeit treated by the litigants as the main issue. But the trouble again is that excluding the dependent issue does not supply the lack of evidence on the only issue upon which plaintiffs are entitled to prevail, namely, proof of defendant’s negligence.
Accordingly, I dissent and vote to affirm the dismissal of the complaint.
Chief Judge Fuld and Judges Burke and Gibson concur with Judge Bergan ; Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Scileppi and Jasen concur.
Order reversed, etc.