Edward F. McLaughlin, J.
Defendant, Syracuse City School District (hereinafter called Syracuse) moves for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing plaintiff’s complaint as to it for failure to state a cause of action. Defendant, Seguin Community Services (hereinafter called Seguin) moves pursuant to CPLR 3211 (subd [a], par 7) for an order dismissing plaintiff’s complaint as to it for failure to state a cause of action. Plaintiff cross-moves pursuant to CPLR 3212 for an order granting summary judgment against both defendants, or in the alternative, against either defendant as the court shall determine.
This is a declaratory judgment action brought to recover the costs of education of a child placed in plaintiff’s school system through the office of Seguin as a result of foster care placement.
Eileen Ginnan, the child in question, whose date of birth is April 25, 1959, was placed in the Rome Developmental Center on November 12, 1964 and resided there until March 3, 1975, at which time she was transferred to the Syracuse Developmental Center. Thereafter, she was placed with defendant Seguin who placed her in a family care home supervised by Seguin. Thereafter, the child was placed with foster parents within the Hamilton Central School District. The facts are undisputed.
The plaintiff seeks to recover from the defendants the costs of educating the child for the 1975-1976 school year and four months of the 1976-1977 school year while the child was within the district.
Seguin claims that Syracuse is responsible for the costs of education and Syracuse claims that Seguin is responsible. There is no claim made by any party that the plaintiff is responsible.
Section 3202 (subd 5, par a) of the Education Law provides as follows:
"5. a. The cost of instruction of pupils placed in family homes at board by a social services district or a state department or agency shall be borne by the school district in which each such pupil resided at the time the social services district or state department or agency assumed responsibility for the support and maintenance of such pupil; provided, however, *79 that such cost of instruction shall continue to be borne while such pupil remains under the age of twenty-one years, by any social services district or state department or agency which assumed responsibility for tuition costs for any such pupil prior to January one, ninteen hundred seventy-four. Where the cost of instruction is to be borne by a district other than the district furnishing instruction tuition shall be computed as provided in paragraph d of this subdivision.”
The argument here made by Syracuse is that the child received "care, treatment, training, and education” pursuant to subdivision (b) of section 7.15 of the Mental Hygiene Law at Rome Developmental Center prior to January 1, 1974. As a result, Syracuse contends that said State agency assumed responsibility for the child’s tuition which continues under section 3202 (subd 5, par a) of the Education Law.
Seguin contends that no assumption of any tuition costs was ever made for the child since the education she received was part of the normal support and maintenance of any child placed with a State developmental agency. Seguin further claims that there was no specific assumption of tuition responsibility and, in fact, no tuition paid since the child did not leave the Rome Developmental Center until she became a resident of Syracuse.
The foregoing is supported by sworn affidavit of the Director of Education of the Rome Developmental Center. In opposition, Syracuse supplies only an affidavit of its attorney who has shown no personal knowledge of the facts, and which thus has no probative value in establishing whether the State had assumed tuition costs of the child. (Davis v Shelton, 33 AD2d 707.)
Based on the record before this court, it is clear that the State at Rome Developmental Center undertook the support and maintenance of the child from and after May 29, 1967 until March 3, 1975 when transferred to Syracuse Developmental Center which included such education as was available and appropriate within the State agency involved. It is equally clear from this record that the State did not assume any tuition costs for the child since there were none to assume” in addition to or as distinguished from responsibility for [her] general support and maintenance.” Matter of Jeter v Ellenville Cent. School Dist., 41 NY2d 283, 287.) This being the case, responsibility for the costs incurred by plaintiff in edu *80 eating the child, rests with the defendant, Syracuse City School District.
Summary judgment is granted to plaintiff against defendant, Syracuse City School District for the net tuition balance of $1,014, after credit for State aid received, plus $504 transportation or a total of. $1,518 for the year 1975-1976 and a total of $498 for tuition plus $520 for transportation or a total of $1,018.80 for the year 1976-1977. The complaint of plaintiff as against defendant, Seguin, is dismissed. The motion of Syracuse School District to dismiss plaintiff’s complaint is denied.