728 P.2d 693

**Taj Marie HIMES, a minor, By and Through her mother, Marjorie Ann HIMES, Plaintiff/Appellant,**

v.

**PARTICULAR COUNCIL OF PIMA COUNTY, Society of St. Vincent De Paul, a corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5851.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 18, 1986.

Miller & Pitt by Grace McIlvain, Tucson, for plaintiff/appellant.

Kimble, Gothreau, Nelson & Cannon by Gus Aragon, Jr., Tucson, for defendant/appellee.

OPINION

LIVERMORE, Presiding Judge.

Frank Orozco, while delivering financial assistance to purchase food on behalf of the St. Vincent de Paul Society (SVDP) Conference of St. Augustine Parish, allegedly molested the daughter of the recipient family. The daughter brought suit against him, the Diocese of Tucson, and the Particular Council of Pima County, Society of St. Vincent de Paul (hereafter "PCPC"). She appeals from an adverse summary judgment finding that there was no issue of material fact as to whether Orozco was an agent of PCPC. We affirm.

SVDP is a charitable organization. Its basic organizational unit is a "conference." Such conferences are usually attached to parishes. As put in the Rules and Commentaries of SVDP:

> The Conference is the basic and essential grouping of the Society. Each such unit, because of its Vincentian commitment, engages regularly in the person-to-person service of those in need. The persons to be helped and the works to be performed are determined by the Conference itself. Conference services are provided without recompense to the members.

Above the conference in the hierarchical organization of the SVDP is the "council," a grouping of conferences. Its function, according to the Rules and Commentaries, is to animate and coordinate the work of SVDP units within its jurisdiction. Above the council is the "central council" organized at the state level, the "superior council" at the national level, and the "council general" at the international level.

These precepts are reflected in the orientation manual of the PCPC. Thus, it states:

> "Each parish conference is autonomous. Generally speaking each can operate in its own way, at its own pace, providing it works within the framework and 'Rule' of the international organization.... The 'Rule' ... provides for supervision of conferences to insure that this freedom is not abused and that they firmly adhere to the established framework of the Society."

The orientation manual goes on to state:

> "The purpose of this council is to give unity and strength, coordination and supervision, direction and assistance to its several conferences and to serve as liaison between the conferences and higher levels of the society."

Focusing on the word "supervision" in the passages above, appellant claims that PCPC had the right to control Orozco's activities and that, therefore, he was its agent for whose activities it was liable. We do not believe that the word "supervision" as used can be read as giving PCPC control over the activities of volunteer workers of SVDP conferences. In context the supervision is limited to assuring that the conferences perform the charitable works that are the purpose of the Society. Who shall be members, what charitable works shall be undertaken, who shall be the beneficiaries of those works, and the means by which these purposes shall be achieved are all committed to the local conference. There was no accountability by the conference to the council for its "day to day operation." See *Salt River Valley Water Users' Ass'n. v. Giglio*, 113 Ariz. 190, 196, 549 P.2d 162, 168 (1976). There was for the council "no right to control the

transaction in question." *State v. Superior Court,* 120 Ariz. 501, 504, 586 P.2d 1313, 1316 (App.1978). The supervision that the council was authorized to provide was "spiritual supervision"; there is no evidence of any activity to control the operations of conferences. See *Davis v. Shelton,* 33 A.D.2d 707, 304 N.Y.S.2d 722 (1969). The control available to the council was control over the general ends to be pursued not the means to achieve them. Such control does not make an owner liable for the acts of an independent contractor. See *Parks v. Atkinson,* 19 Ariz.App. 111, 505 P.2d 279 (1973); *German v. Mountain States Telephone & Telegraph Co.,* 11 Ariz.App. 91, 462 P.2d 108 (1969). Neither does it make PCPC liable for the torts of a volunteer worker for St. Augustine Conference where the conference had control over that worker.

Affirmed.

FERNANDEZ and LACAGNINA, JJ., concur.