784 F.Supp. 1422 (1991)
Mark D. WILSON, Janet L. Wilson, Plaintiffs,
v.
BOY SCOUTS OF AMERICA, Defendant.
James S. HARBIAN, Michael Harbian, Sharon Harbian, Daniel R. Winfrey, a minor by Susan Crump, his Mother and Next Friend, and Susan Crump, Plaintiffs,
v.
UNITED STATES of America, the Boy Scouts of America, Defendants.
Nos. 89-1696C(7), 90-1854C(7).
United States District Court, E.D. Missouri.
December 26, 1991.
*1423 Alan E. Dewoskin, St. Louis, Mo., for plaintiffs in No. 89-1696C(7).
Norton Beilenson, Dolgin, Beilenson, Klein, Denlow & Nodiff, Clayton, Mo., for plaintiffs in No. 90-1854C(7).
Joe Moore, Asst. U.S. Atty., St. Louis, Mo., for U.S.
Russell F. Watters, Robert W. Cockerham, St. Louis, Mo., for defendants Boy *1424 Scouts of America and St.L. Area Council, BSA.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter is before the Court on Defendant Boy Scouts of America's (hereinafter BSA) motion for summary judgment. Identical motions were filed in Cause No. 89-1696 and Cause No. 90-1854 prior to consolidation. The two motions will be addressed together. Also pending before the Court are Plaintiffs' motions to strike affidavit of Lloyd Roitstein.
The Wilson plaintiffs bring a wrongful death action alleging that their son Anthony Wilson was electrocuted while visiting Fort Leonard Wood, Missouri, with Boy Scout Troop 392. The Harbian/Winfrey plaintiffs bring a personal injury action involving the same incident. Plaintiffs' theory of recovery against BSA is based on an alleged agency relationship between the adult volunteers supervising the scouts and BSA. Defendant BSA contends it is entitled to judgment as a matter of law because no agency relationship exists.
This Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.
A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2552. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 247, 106 S.Ct. at 2509. The nonmoving party may not rest upon mere allegations or denials of his pleading. Id. at 256, 106 S.Ct. at 2514.
In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Id. at 255, 106 S.Ct. at 2513. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249, 106 S.Ct. at 2510.
Defendant attached the affidavit of Lloyd Roitstein, Area Director in the North Central Region of the Boy Scouts of America. Roitstein affidavit ¶ 1. Plaintiffs filed a motion to strike the Roitstein affidavit alleging it is not based on personal knowledge and contains conclusions of law, not facts. Roitstein's role as an Area Director establishes his personal familiarity with the organization. Therefore, Plaintiffs' motions to strike affidavit of Lloyd Roitstein shall be denied.
BSA is a Congressionally chartered benevolent organization. 36 U.S.C. § 21. Scouting is divided into geographic areas known as local councils. Three hundred ninety-eight local councils are chartered in the United States. Roitstein affidavit ¶ 4. Local sponsors apply for charters from the BSA through their local council. Roitstein affidavit ¶ 6. BSA issues charters to schools, churches, or civic organization which authorize the organization to sponsor a local unit. Roitstein affidavit ¶ 7; Ex. 36 Official Boy Scout Handbook p. 21. Local volunteers form a patrol leaders' council to plan troop activities. Ex. 36, Official Boy Scout Handbook p. 21. BSA does not conduct or require any training for these adult volunteers. Roitstein affidavit ¶ 12. Troops do not need permission from BSA before undertaking activities. Ex. 32, Roitstein dep. p. 18. However, for tours 500 miles or over and tours outside the United States, groups must file a National *1425 Tour Permit Application with their local council. Plaintiff's Ex. 5, National Tour Permit Application.
While no Missouri cases directly address whether the national Boy Scout organization can be held liable for the negligent acts of local volunteers or whether the national organization has a duty to train and supervise local volunteers, other jurisdictions have addressed these issues. In Mauch v. Kissling, 56 Wash.App. 312, 783 P.2d 601 (1989), the court affirmed the granting of summary judgment on behalf of BSA. The court concluded there was no basis for the doctrine of apparent authority because plaintiff had not presented evidence that BSA consented to or had control of the scoutmaster. The court likewise rejected a theory of negligence based upon failure to provide reasonable guidelines, failure to supervise the scoutmaster, and failure to monitor tour permit applications. The court found the national organization had no duty to control or supervise the scoutmaster's actions nor was there evidence they knew about his activities. See also Souza v. Narragansett Council, Boy Scouts of America, 488 A.2d 713 (R.I.1985) (holding that presence of local council employees at unauthorized program failed to establish employee was engaged in the work employer expressly or impliedly hired him to do); Davis v. Shelton, 33 A.D.2d 707, 304 N.Y.S.2d 722 (1969) (holding local council and sponsoring church lack the primary element in master-servant relationship because they exercise no supervision or control over the activities of a scout troop). Finally, in McGarr v. Baltimore Area Council, Boy Scouts, Inc., 74 Md. App. 127, 536 A.2d 728 (1988), the court considered the relationship between a local council and scoutmasters. The court found
BAC [Baltimore Area Council] is an umbrella organization; it charters individual troops and, as part of that annual process of initial chartering and charter renewal, tries to assure itself that the troop will have responsible adult leadership. But it does not choose or in any way directly supervise the scoutmaster, who is selected by the troop. In these circumstances, it is generally held that the council is not vicariously liable for the negligence of the scoutmaster. See Young v. Boy Scouts of America [9 Cal. App.2d 760], 51 P.2d 191 (Cal.App.1935); Davis v. Shelton [33 A.D.2d 707], 304 N.Y.S.2d 722 (A.D.1969); Annot. Liability of Charitable Organization Under Respondent Superior Doctrine for Tort of Unpaid Volunteer, 82 A.L.R.3d 1213, 1224-25 (1978).
The national organization similarly does not choose or directly supervise the scoutmaster or other volunteers at the troop level. If anything, the relationship is even more remote. Plaintiffs have cited no caselaw holding BSA vicariously liable for the negligent acts of an unpaid volunteer. When courts have found local councils liable, the negligence occurred at a function actually sponsored and supervised by the liable organization. See Riker v. Boy Scouts of America, 8 A.D.2d 565, 183 N.Y.S.2d 484 (1959) (holding county Boy Scout council liable for actions of volunteer at county council sponsored Scout-O-Rama).
Plaintiffs contend sufficient facts establish a jury question as to whether a principal/agent relationship existed under a theory of implied agency, apparent authority, agency by estoppel, agency by ratification and inherent agency. Plaintiffs' memo in response p. 8. However, Plaintiffs confuse simple agency and the master/servant relationship necessary for tort liability. The General Comment to the section on agency in Missouri Approved Jury Instructions quotes the Restatement (Second) of Agency:
It is important to distinguish between a servant and an agent who is not a servant, since ordinarily a principal is not liable for the incidental physical acts of negligence in the performance of duties committed by an agent who is not a servant.... The important distinction is between service in which the actor's physical activities and his time are surrendered to the control of the master, and service under an agreement to accomplish results or to use care and skill in accomplishing results. Those rendering *1426 service but retaining control over the manner of doing it are not servants.... An agent who is not subject to control as to the manner in which he performs the acts that constitute the execution of his agency is in a similar relation to the principal as to such conduct as one who agrees only to accomplish mere physical results. For the purpose of determining liability, they are both "independent contractors" and do not cause the person for whom the enterprise is undertaken to be responsible....
MAI 13.01, quoting, The Restatement (Second) of Agency § 200, Comment e (1957). Evidence of the right of control is essential to establishing a master and servant relationship. See MAI 13.06. Plaintiffs have produced no evidence that BSA had the right to control the volunteers' activities on the trip to Fort Leonard Wood. While Plaintiffs can produce evidence that the volunteers were serving the general goals of scouting, they have not produced any evidence that Boy Scouts of America agreed to or even knew of the purpose, destination, and details of this particular scouting activity.
Implied agency, apparent authority, and agency by estoppel are all based on manifestations of authority by the principal that a third person is acting on the principal's behalf. Agency by ratification is shown when the principal accepts the benefits of a completed transaction. Plaintiffs contend the use of common uniforms, emblems, books, awards, and the scouting programs; a national insurance program; issuance of the National Membership card and other printed materials locally; as well as other indicia of a relationship between BSA and local councils create a manifestation of authority upon which an innocent third party might reasonably rely. Plaintiffs also attach affidavits asserting their reliance on the manifestation that there was a single organization  BSA. However, Plaintiffs fail to produce evidence that BSA manifested in any way that it had direct control over the specific activities individual troops chose to do. The Boy Scout Handbook clearly states, "What the troop does is planned by the patrol leaders' council." Exhibit 36, Boy Scout Handbook p. 21.
The organizational structure of the BSA keeps control of specific activities at the level closest to the actual troop. Plaintiffs produce no direct or circumstantial evidence to suggest that in this case BSA manifested control. Therefore, summary judgment for Defendant BSA is appropriate on the issue of liability under a theory of respondent superior. Furthermore, Plaintiffs have produced no evidence that the national organization had a duty to control, supervise, or train volunteer leaders for the Fort Leonard Wood activity.
IT IS HEREBY ORDERED that Plaintiff's Motions to Strike Affidavit of Lloyd Roitstein are DENIED.
IT IS FURTHER ORDERED that Defendant Boy Scouts of America's Motions for Summary Judgment in Cause No. 89-1696C(7) and Cause No. 90-1854C(7) are GRANTED.