■ FRANK PITKEWICZ et al., Respondents, v AL KANE, Appellant, and BOY SCOUTS OF AMERICA, INC., et al., Respondents.

[641 NYS2d 664] —Order, Supreme Court, Suffolk County (James A. Gowen, J.), entered January 31, 1995, which denied defendant-appellant's motion for summary judgment dismissing the complaint pursuant to CPLR 3212, unanimously reversed, on the law, without costs, and the complaint dismissed.

The *infant plaintiff, while participating in a boy scout ski trip, sustained multiple injuries while skiing on an intermediate slope at Belleayre Mountain Ski Center. It is not disputed that the defendant-appellant was responsible for the general organization of the ski trip. He distributed and collected the necessary parental permission slips, arranged transportation and lodging and was responsible for obtaining the tour permit for the boy scout troop. However, there is no question that while the scouts were actually skiing, the defendant-appellant's activities were limited to the supervision of the younger boy scouts in the ski school classes held on the beginner slopes. Defendant-appellant did not know how to ski and was at no time present on the intermediate slopes where the older scouts were skiing. Other adults, who were experienced skiers, supervised the older boys, such as the infant plaintiff, who had prior skiing experience. Indeed, the infant plaintiff testified that he did not recall that the defendant-appellant was even on the trip.

The rule is well settled that when a person, other than a parent, undertakes to control, care for or supervise an infant, such person is required to use reasonable care to protect the infant over whom he or she has assumed temporary custody or control, and such person may be liable for any injury sustained by the infant which was proximately caused by such person's negligence (*Zalak v Carroll*, 15 NY2d 753, 754; *Adolph E. v Lori M.*, 166 AD2d 906, 906-907). Under the circumstances herein, it cannot be concluded that the defendant-appellant undertook to supervise the infant plaintiff while the infant skied on terrain where the defendant-appellant himself could not go.

Consequently, the defendant-appellant's motion for summary judgment should have been granted. Given our determination that the complaint as against defendant-appellant should have been dismissed, we decline to address the issue of whether the infant plaintiff assumed all the inherent risks of skiing. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.