■ FRANK PITKEWICZ et al., Plaintiffs, v BOY SCOUTS OF AMERICA, INC.—SUFFOLK COUNTY COUNCIL, et al., Defendants, and BRIAN McAULIFF, Defendant and Third-Party Plaintiff-Respondent. MORGAN KRAUS et al., Third-Party Defendants-Respondents; NEIL CAHILL, Third-Party Defendant-Appellant. [647 NYS2d 113] —In an action, inter alia, to recover damages for personal injuries, etc., the third-party defendant Neil Cahill appeals from so much of an order of the Supreme Court, Suffolk County (Stark, J.), entered January 23, 1996, as denied his motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint and all cross claims insofar as asserted against the third-party defendant Neil Cahill are dismissed.

The plaintiff Frank Pitkewicz, Jr., then 14 years old and a Boy Scout, was allegedly injured in 1991 while trying to negotiate an intermediate ski trail during a troop ski trip. Alleging, among other things, that his skill level was inadequate for the trail, which had been rendered treacherous by a recent rainfall, and that his injuries were proximately caused by improper supervision, the injured plaintiff and his father (asserting derivative claims) commenced this action against the Boy Scouts of America, Inc.—Suffolk County Council, which was the organizer of the trip; as well as Al Kane, the scoutmaster of the troop; and Brian McAuliff, one of the adult supervisors of the trip (and a respondent herein). McAuliff thereafter commenced a third-party action against the other adult supervisors on the trip, including the appellant herein, Neil Cahill, seeking contribution. Cahill moved for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion, finding that issues of fact existed. We disagree.

There is no competent evidence on the record that Cahill was responsible for supervising the injured plaintiff while he was skiing on the intermediate slope or that he participated in any way in determining the skill level of the injured plaintiff

or where this plaintiff was to ski. Thus, on the facts presented, Cahill may not be held liable for this plaintiff's alleged injuries *(see, Zalak v Carroll,* 15 NY2d 753; *Pitkewicz v Kane,* 227 AD2d 113). Accordingly, the third-party complaint and all cross claims insofar as asserted against Cahill should have been dismissed. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.