■ PAUL A. JULYAN et al., as Parents and Natural Guardians of JEREMY P. JULYAN, Respondents, v GARY R. CHENTFANT et al., Appellants. [649 NYS2d 867] —Order affirmed with costs. Memorandum: Supreme Court properly denied defendants' motions for summary judgment seeking to dismiss the complaint in this action to recover damages for personal injuries suffered by plaintiffs' son. In the procedural posture of these summary judgment motions by defendants, the court must accept plaintiffs' evidence as true and grant it every favorable inference (see, Hartford Ins. Co. v General Acc. Group Ins. Co., 177 AD2d 1046, 1047). As this Court stated in Weller v Colleges of the Senecas (217 AD2d 280, 283), "There are two distinct doctrines of assumption of risk * * * The first is not an absolute defense, but rather, is based on comparative fault and reduces the recovery of plaintiff in the proportion that his culpable conduct contributed to the accident * * * The second, primary assumption of risk, is based on principles of duty and

is a complete bar to recovery [citations omitted]." Whether the factual situation in this case is one of comparative fault or primary assumption of risk is a question of fact for the jury (*see, Weller v Colleges of the Senecas, supra,* at 284; *McKenney v Dominick,* 190 AD2d 1021).

All concur except Lawton and Wesley, JJ., who dissent and vote to reverse in the following Memorandum:

Lawton and Wesley, JJ. (dissenting). We respectfully dissent. Unlike the majority, we conclude that this is a case where primary assumption of risk is established as a matter of law (*see, Turcotte v Fell,* 68 NY2d 432). Defendants established that plaintiffs' son was aware of the presence of the horseshoe pits, that he voluntarily chose to participate in a baseball game near the pits, and that he ran to catch a fly ball without regard to the pits and fell into one of them, sustaining injuries. Given that proof, plaintiffs' son assumed the risk of injury inherent in his activity (*see, Ferraro v Town of Huntington,* 202 AD2d 468; *Pascucci v Town of Oyster Bay,* 186 AD2d 725; *see also, Brown v City of Peekskill,* 212 AD2d 658). Our decision in *Weller v Colleges of the Senecas* (217 AD2d 280) does not compel a different result. Unlike the present case, the accident-causing instrument in that case was not known to the plaintiff and there was a question of fact whether it was obvious. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Callahan and Boehm, JJ.