■ DOROTHY ALESSI, Individually and as Parent and Natural Guardian of JACOB KARRER, an Infant, Respondent, v BOY SCOUTS OF AMERICA GREATER NIAGARA FRONTIER COUNCIL, INC., Appellant. (Action No. 1.) DOROTHY ALESSI, Individually and as Parent and Natural Guardian of JACOB KARRER, an Infant, Respondent, v BOY SCOUTS OF AMERICA, INC., et al., Appellants. (Action No. 2.) [668 NYS2d 838] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint based on primary assumption of risk. They assert that plaintiff's 11-year-old son assumed the risk of injury when he went sledding on a slope where there were rocks and trees. We disagree. "Generally, whether the plaintiff assumed a risk by participating in a sport is a question for the jury; dismissal of the complaint is appropriate only when the proof before the court reveals no triable issue of fact" (*Weller v Colleges of Senecas*, 217 AD2d 280, 284). Additionally, whether plaintiff's son had knowledge of the danger and appreciated the resultant risks must be " 'assessed

against the background of [his] skill and experience'" (*Morgan v State of New York*, 90 NY2d 471, 486). Defendants failed to establish as a matter of law that the doctrine of primary assumption of risk applies (*see, Julyan v Chentfant*, 233 AD2d 902; *Adams v Rochester Gas & Elec. Corp.*, 191 AD2d 960; *Lamey v Foley*, 188 AD2d 157).

The court, however, erred in failing to grant defendants' motion to the extent of dismissing the complaint against defendants Boy Scouts of America Greater Niagara Frontier Council, Inc. (GNFC), and Boy Scouts of America, Inc. (BSA). Plaintiff's son was a member of a Boy Scout troop sponsored by defendant St. Peter & Paul Roman Catholic Church (Church). He was injured while on a Boy Scout camping trip to Camp Stonehaven, which was owned by GNFC. Plaintiff contends that the negligence of the scoutmaster in permitting the troop to go sledding in a prohibited area resulted in her son's injuries and that defendants are liable for the negligent acts of the scoutmaster based on the doctrine of respondeat superior. The record establishes, however, that neither BSA, the national umbrella Boy Scout organization, nor GNFC, a local council, had supervision or control over the activities of the scoutmaster or the troop. Under those circumstances, neither BSA nor GNFC may be held liable for the acts of the scoutmaster (*see, Davis v Shelton*, 33 AD2d 707, *appeal dismissed* 26 NY2d 829; *see also, Wilson v United States*, 989 F2d 953, 958-959; *Young v Boy Scouts*, 9 Cal App 2d 760, 764-766, 51 P2d 191, 193-194). Because the Church failed to establish as a matter of law that it did not have the ability to control the scoutmaster at the time of the accident, the Church is not entitled to dismissal of the complaint against it.

Consequently, we modify the order by granting in part defendants' motion for summary judgment and dismissing the complaint against BSA and GNFC. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.