■ FRANK PITKEWICZ et al., Appellants, v BOY SCOUTS OF AMERICA, INC.—SUFFOLK COUNTY COUNCIL et al., Respondents. (And a Third-Party Action.) [690 NYS2d 119] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered April 15, 1998, as upon an order of the same court granting the motion of the defendants Boy Scouts of America, Inc.—Suffolk County Council and Brian McAuliff for summary judgment, dismissed the complaint and all cross claims insofar as asserted against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On March 2, 1991, the plaintiff Frank Pitkewicz, Jr., then 14 years old, went on a ski trip to Bellayre Mountain with Boy Scout Troop 438, and was allegedly injured after unsuccessfully negotiating an ice patch on an intermediate ski trail. The court granted the motion of the defendant Boy Scouts of America, Inc.—Suffolk County Council (hereinafter the Council) and Scoutmaster Brian McAuliff for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and we affirm.

There is no evidence that the Council had supervision or control over the day-to-day activities of either the scout troop or of McAuliff. Under these circumstances, the Council may not be held liable for any alleged negligent supervision by McAuliff (*see, Davis v Shelton,* 33 AD2d 707; *Alessi v Boy Scouts of Am. Greater Niagara Frontier Council,* 247 AD2d 824).

Additionally, voluntary participants in recreational events are presumed, by their participation, to have consented to those injury-causing events which are the known, apparent, or reasonably foreseeable consequences of their participation (*see, Turcotte v Fell,* 68 NY2d 432; *see also, Morgan v State of New York,* 90 NY2d 471). If the risks of the activity are fully comprehended or perfectly obvious, the plaintiff has consented to them (*Turcotte v Fell, supra,* at 439). Here, the infant plaintiff testified that he had skied on two prior occasions

before attending the trip to Bellayre, and that on one of those occasions he was able to appreciate that rainfall causes the surface of the slopes to become slippery, making it more difficult to control skis. On the subject ski trip, the infant plaintiff testified that, throughout the morning, he noticed that the ski slopes were becoming increasingly icy due to rainfall, yet he continued to ski, twice down the beginner slope and twice down the intermediate slope. He thus had ample opportunity to observe the terrain, including the sharp left turn on the intermediate slope where he ultimately fell.

Accordingly, the infant plaintiff assumed the risk of falling on a patch of ice and sliding off the trail. Additionally, the plaintiffs otherwise failed to raise a triable issue of fact as to whether McAuliff was negligent in his supervision of the scouts (*see, Pitkewicz v Boy Scouts of Am.—Suffolk County Council,* 231 AD2d 561; *Pitkewicz v Kane,* 227 AD2d 113), and the Supreme Court properly granted the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the Council and McAuliff. S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.