BRIAN O'LEAR et al., Appellants, v BOY SCOUTS OF AMERICA et al., Respondents, et al., Defendants. [821 NYS2d 903]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 5, 2005, as granted that branch of the motion of the defendants Boy Scouts of America and Suffolk County Council, Boy Scouts of America, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs' 15-year-old son died while on an overnight boy scout camping trip in December 2000. The decedent drowned as

he attempted to cross a rain-swollen river. The plaintiffs alleged, inter alia, that the respondents, Boy Scouts of America and Suffolk County Council, Boy Scouts of America (hereinafter collectively the BSA), were liable for the decedent's death based upon a theory of negligent supervision. The BSA moved for summary judgment dismissing the complaint, arguing that it did not supervise or control the day-to-day activities of the scout troop or the scoutmasters. The Supreme Court granted the motion, finding that the BSA established prima facie entitlement to judgment as a matter of law and that the plaintiffs failed to raise a triable issue of fact in opposition. We affirm.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Once a prima facie showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish material issues of fact which require a trial of the action (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*).

In the case at bar, the BSA's affidavit evidence demonstrated that the BSA did not exercise supervisory control over the troop or the adult leaders who accompanied the boy scouts on the subject trip. In opposition thereto, the plaintiffs failed to raised a triable issue of fact in this regard. Accordingly, the Supreme Court properly granted the BSA's motion for summary judgment (*see* CPLR 3212; *Pitkewicz v Boy Scouts of Am.—Suffolk County Council*, 261 AD2d 462 [1999]; *Alessi v Boy Scouts of Am.*, 247 AD2d 824 [1998]; *see also Glover v Boy Scouts of Am.*, 923 P2d 1383 [1996]).

The plaintiffs' remaining contention is without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.