■ KENNETH ENTLER, Respondent, v ERIC KOCH et al., Defendants, and BOY SCOUTS OF AMERICA et al., Appellants. [928 NYS2d 297]—

In an action, inter alia, to recover damages for personal injuries, the defendant Boy Scouts of America appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated May 4, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint and the demand for punitive damages insofar as asserted against it, and the defendant Robert Koch separately appeals, as limited by his notice of appeal and brief, from so much of the same order as denied those branches of his cross motion which were for summary judgment dismissing the first, second, third, fourth, fifth, sixth, and ninth causes of action and the demand for punitive damages insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of the defendant Boy Scouts of America which was for summary judgment dismissing the complaint and the demand for punitive damages insofar as asserted against it and those branches of the cross motion of the defendant Robert Koch which were for summary judgment dismissing the first, second, third, fourth, fifth,

sixth, and ninth causes of action and the demand for punitive damages insofar as asserted against him are granted.

The plaintiff, Kenneth Entler, as the father and natural guardian of Brian Entler (hereinafter the infant), commenced this action to recover, among other things, damages for personal injuries sustained by the infant. The complaint alleged that the infant was a member of Boy Scout Troop 125, which was owned and operated by the Suffolk County Council, Boy Scouts of America, Inc., sued herein as Suffolk County Council, Boy Scouts of America (hereinafter the Suffolk Council), a not-for-profit corporation registered in New York. The complaint further alleged that the Suffolk Council acted as agent for the defendant Boy Scouts of America (hereinafter the BSA), a Congressionally chartered corporation headquartered in Texas, which allegedly controlled "all key aspects of the operation" of the Suffolk Council.

The complaint stated that, in the summer of 2002, the infant was a counselor-in-training at a summer camp, located in Suffolk County and operated by the Suffolk Council, known as the "Baiting Hollow Scout Camp" (hereinafter Baiting Hollow). The defendant Eric Koch (hereinafter the youth counselor) was a boy scout employed by the Suffolk Council as a counselor at Baiting Hollow. The complaint alleged that Eric Koch's father, the defendant Robert Koch (hereinafter Koch), was the Commissioner of the Suffolk Council, and responsible for supervising all of the boy scout troops which constituted the Suffolk Council.

The complaint alleged that, on July 27, 2002, a contingent of boy scouts from the Suffolk Council, including the infant and the youth counselor, traveled to Indiana to attend a national boy scout conference. In addition to 15 scouts, the contingent consisted of seven adult leaders, including Koch. The complaint specified that, while he was on the trip, the infant was entrusted to the care of Koch and the other adult leaders of the Suffolk Council. The complaint further alleged that the infant and the youth counselor shared rooms during the course of the trip, and that the youth counselor sexually assaulted the infant in their room on multiple occasions. As a result of these alleged attacks, the infant allegedly suffered physical, emotional, and psychological injuries. The complaint also sought punitive damages.

The complaint asserted eight causes of action against Koch and seven causes of action against the BSA. Each of these causes of action was premised on various theories of negligence. In addition, the complaint asserted causes of action against, among others, the Suffolk Council, an employee of the Suffolk Council,

a volunteer who worked for the Suffolk Council, and the youth counselor. Only those portions of the complaint asserted against Koch and the BSA are at issue on this appeal.

Koch cross-moved for, among other things, summary judgment dismissing the complaint and the demand for punitive damages insofar as asserted against him. By separate motion, the BSA moved for, among other things, summary judgment dismissing the complaint and the demand for punitive damages insofar as asserted against it.

In an order dated May 4, 2010, the Supreme Court, inter alia, granted that branch of Koch's cross motion which was for summary judgment dismissing the tenth cause of action insofar as asserted against him, and otherwise denied his cross motion. In the same order, the Supreme Court also denied the BSA's motion in its entirety. Koch and the BSA appeal. We reverse the order insofar as appealed from.

Contrary to the plaintiff's contention, Koch demonstrated that he is statutorily immune from liability. The Federal Volunteer Protection Act (42 USC § 14501 *et seq.*), was enacted to "provide certain protections from liability abuses related to volunteers serving nonprofit organizations and governmental entities" (42 USC § 14501 [b]; *see Momans v St. John's Northwestern Military Academy, Inc.*, 2000 WL 33976543, 2000 US Dist LEXIS 5129 [ND Ill 2000]). It provides, in pertinent part, that "no volunteer of a nonprofit organization . . . shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization . . . if . . . the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization . . . at the time of the act or omission . . . [and] the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer" (42 USC § 14503 [a]; *see Lomando v United States*, 2011 WL 1042900, 2011 US Dist LEXIS 28116 [D NJ 2011]).

Koch established, prima facie, his entitlement to judgment as a matter of law dismissing the first, second, third, fourth, fifth, sixth, and ninth causes of action insofar as asserted against him by demonstrating that he was a volunteer of a nonprofit organization, and that the negligence alleged in the complaint occurred while he was acting within the scope of his responsibilities in that organization (*see* 42 USC § 14503 [a]; *Foti v Gerlach*, 2008 US Dist LEXIS 36195 [D SD 2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, there was no evidence that the infant was

harmed by "willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer" (42 USC § 14503 [a]; *see Foti v Gerlach*, 2008 US Dist LEXIS 36195 [D SD 2008]). Koch also established, prima facie, that the youth counselor's alleged acts could not have been reasonably anticipated (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Hansen v Bath & Tennis Mar. Corp.*, 73 AD3d 699, 700-701 [2010]), and that Koch did not know or have reason to know of the youth counselor's alleged propensity for the conduct which caused the injury (*see Shor v Touch-N-Go Farms, Inc.*, 83 AD3d 927 [2011]; *Doe v Rohan*, 17 AD3d 509, 510 [2005]; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Koch breached any duty owed to the infant (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]).

Accordingly, the Supreme Court should have granted those branches of Koch's cross motion which were for summary judgment dismissing the first, second, third, fourth, fifth, sixth, and ninth causes of action and the demand for punitive damages insofar as asserted against him.

The Supreme Court also should have granted that branch of the BSA's motion which was for summary judgment dismissing the complaint insofar as asserted against it. To the extent that the plaintiff asserted causes of action premised on negligent hiring and negligent retention, the BSA demonstrated, prima facie, that it did not hire or retain the employees at issue and that, in any event, it did not know or have reason to know of the conduct which allegedly caused the injury (*see Shor v Touch-N-Go Farms, Inc.*, 83 AD3d 927 [2011]; *Doe v Rohan*, 17 AD3d at 510; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d at 161). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324-325).

The plaintiff also contends that the BSA may be held vicariously liable for the alleged negligence of the Suffolk Council or its employees by virtue of the fact that the Suffolk Council, by its employees, voluntarily undertook to care for the infant (*see Zalak v Carroll*, 15 NY2d 753, 754 [1965]; *Bartels v County of Westchester*, 76 AD2d 517, 522 [1980]). However, the BSA demonstrated, prima facie, that there was no agency relationship between it and the Suffolk Council, and that it lacked the requisite supervision, direction, or control over the adult leaders who had custody of the scouts throughout the course of the trip (*see O'Lear v Boy Scouts of Am.*, 33 AD3d 685, 686 [2006];

*Pitkewicz v Boy Scouts of Am.—Suffolk County Council,* 261 AD2d 462, 462 [1999]; *Alessi v Boy Scouts of Am. Greater Niagara Frontier Council,* 247 AD2d 824, 825 [1998]; *see also Smith-Hoy v AMC Prop. Evaluations, Inc.,* 52 AD3d 809, 811 [2008]; *Terrano v Fine,* 17 AD3d 449 [2005]; *Lomax v Henry,* 119 AD2d 638, 639 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the BSA exercised the requisite degree of control over the Suffolk Council or its employees (*see O'Lear v Boy Scouts of Am.,* 33 AD3d at 686; *cf. Phelps v Boy Scouts of Am.,* 305 AD2d at 335-336), or as to whether the BSA otherwise undertook a duty for which it could be held liable in negligence (*see Pratt v Robinson,* 39 NY2d 554, 564 [1976]; *see also* Restatement [Second] of Torts § 315).

The BSA and Koch also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action asserted on behalf of the infant to recover damages for negligent infliction of emotional distress (*see Bendig v Bethpage Union Free School Dist.,* 74 AD3d 1263, 1265 [2010]; *see also Hecht v Kaplan,* 221 AD2d 100, 105 [1996]). In the Supreme Court, the plaintiff did not address the appellants' contention that this cause of action should be dismissed. Accordingly, the plaintiff failed to raise a triable issue of fact in opposition to the appellants' showing in connection with that cause of action, and it should have been summarily dismissed (*see Brady v Westchester County Healthcare Corp.,* 78 AD3d 1097, 1099 [2010]).

Since "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" (*Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603, 616 [1994]), the demand for punitive damages should have been summarily dismissed insofar as asserted against both Koch and the BSA (*see Brualdi v IBERIA, Lineas Aereas de España, S.A.,* 79 AD3d 959, 961 [2010]).

The order appealed from did not decide that branch of Koch's cross motion which was to direct the BSA to indemnify him and pay the costs of his defense. Accordingly, that branch of the cross motion remains pending and undecided (*see Fragosa v Haider,* 17 AD3d 526, 527 [2005]; *Katz v Katz,* 68 AD2d 536 [1979]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.