■ MARGARET BURKHARDT et al., as Parents and Natural Guardians of AARON BURKHARDT, an Infant, Appellants, v BOY SCOUTS OF AMERICA et al., Respondents, et al., Defendants. [15

NYS3d 699]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), entered November 25, 2013, as granted those branches of the respective motions of the defendant Boy Scouts of America and the defendant Hudson Valley Council Boy Scout Association which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 18, 2008, the plaintiffs' son, Aaron Burkhardt, who was then a 13-year-old boy scout, allegedly was injured while at a boy scout gathering held at Camp Nooteeming in Pleasant Valley, New York, when another boy scout in his troop threw a tennis ball, hitting him in the left eye. The plaintiffs commenced this action on Aaron's behalf alleging, inter alia, that Boy Scouts of America and Hudson Valley Council, Inc., Boy Scouts of America, incorrectly sued herein as Hudson Valley Council Boy Scout Association (hereinafter together the Boy Scout defendants), were liable for his injuries based upon a theory of negligent supervision. The Boy Scout defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, arguing that they each did not supervise or control the activities of Aaron's scout troop. In an order entered November 25, 2013, the Supreme Court, among other things, granted those branches of their respective motions, concluding that the Boy Scout defendants each established their prima facie entitlement to judgment as a matter of law, and that the plaintiffs failed to raise a triable issue of fact in opposition. The plaintiffs appeal. We affirm the order insofar as appealed from.

The affidavits submitted in support of the respective motions of the Boy Scout defendants established, prima facie, that neither of them supervised or controlled the activities of Aaron's scout troop (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition to that showing, the plaintiffs failed to raised a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the respective motions of the Boy Scout defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them (see O'Lear v Boy Scouts of Am., 33 AD3d 685, 686 [2006]; Pitkewicz v Boy Scouts of Am.—Suffolk County Council, 261 AD2d 462 [1999]; Alessi v Boy Scouts of Am., 247 AD2d 824 [1998]). Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.