Jeraci v Cooper (2021 NY Slip Op 03025)





Jeraci v Cooper


2021 NY Slip Op 03025


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2017-11045
 (Index No. 71435/14)

[*1]Joseph Jeraci, et al., appellants, 
v
Michael Cooper, defendant third-party plaintiff-respondent, et al., defendants; Sullivan County ATV Association, Inc., third-party defendant-respondent (and another third-party action).


Law Offices of Albert W. Cornachio, P.C., Rye Brook, NY (Christopher R. Block of counsel), for appellants.
Cabaniss Casey LLP, Albany, NY (John R. Casey and Brian Casey of counsel), for defendant third-party plaintiff-respondent.
Harris Beach PLLC, New York, NY (Andrew J. Orenstein, Victoria A. Graffeo, and Daniel A. LeCours of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 26, 2017. The order granted the motion of the defendant Michael Cooper for summary judgment dismissing the complaint insofar as asserted against him and granted the separate motion of the third-party defendant Sullivan County ATV Association, Inc., for summary judgment dismissing the third-party complaint.
ORDERED that the appeal from so much of the order as granted the third-party defendant's motion for summary judgment dismissing the third-party complaint is dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff and the third-party defendant, payable by the plaintiff.
The injured plaintiff and the defendant Michael Cooper were members of the Sullivan County ATV Association, Inc. (hereinafter SCATV), who were performing maintenance on an all terrain vehicle trail. The plaintiffs allege that Cooper caused a portion of a tree to "snap" into the injured plaintiff, breaking his leg.
The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against Cooper, among others. Cooper then filed a third-party complaint against SCATV. Following discovery, SCATV moved for summary judgment dismissing the third-party complaint [*2]and Cooper separately moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated September 26, 2017, the Supreme Court granted SCATV's and Cooper's separate motions. The plaintiffs appeal.
Contrary to the plaintiffs' contention, Cooper demonstrated that he is statutorily immune from liability. The Federal Volunteer Protection Act (42 USC § 14501 et seq.) was enacted to "provide certain protections from liability abuses related to volunteers serving nonprofit organizations and governmental entities" (42 USC § 14501[b]; see Entler v Koch, 85 AD3d 1098, 1100). It provides, in pertinent part, that "no volunteer of a nonprofit organization . . . shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization . . . if . . . the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization . . . at the time of the act or omission [and] the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer" (42 USC § 14503[a][1], [3]; see Entler v Koch, 85 AD3d at 1100).
Here, Cooper established, prima facie, that he was a volunteer of a nonprofit organization, that the negligence alleged in the complaint occurred while he was acting within the scope of his responsibilities in that organization, and that the injured plaintiff was not harmed by "willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer" (42 USC § 14503[a][3]; see Entler v Koch, 85 AD3d at 1100). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325).
The plaintiffs' remaining contention is without merit.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court